WILEY, Respondent, v. ROBERT, Appellant.

1. A sheriff's sale of real estate is within the statute of frauds, and a note or memorandum thereof in writing must be made to bind the parties.

2. A memorandum made by a deputy sheriff and signed by him of a sale of one of several lots in a partition proceeding, in which Louis Robert and others were plaintiffs, and one B. T. Adams defendant, was as follows: "Partition, Lands—Louis Robert v. B. T. Adams—Lot No. 11—274 80-100 a.—Louis Robert—$10.50 per a.—$2,885.40." *Held*, that this memorandum was sufficient to take the case out of the statute of frauds.

3. The sheriff can, in such case, maintain an action in his own name against the purchaser for the purchase money, although the latter may not have given a note therefor to the sheriff.

4. Where a sale in partition proceedings is made and the land embraced in the suit is bid off by one of the parties, the purchaser can not, by any agreement with any of the parties to the suit with respect to the land and the payment of the purchase money, affect the right of the sheriff to collect of such purchaser his lawful fees or enough of the purchase money to pay the costs and the portions of the purchase money belonging to those parties, if any, who do not enter into any agreement in the nature of a release with the purchaser.

*Appeal from Jefferson Circuit Court.*

This was an action brought by the sheriff of Jefferson county to recover from Louis Robert the amount bid by him for a certain tract of land at a sale in a partition proceeding, in which said Robert and others were plaintiffs and B. T. Adams defendant. The defendant denied in his answer that a memorandum in writing of the alleged sale had been made by any one lawfully authorized. The defendant also set up that after said sale it was agreed between the plaintiff in said partition suit and the defendant therein, Adams, that the latter should keep the land and compromise upon a price to be agreed upon; that Adams retained possession of said land; that plaintiff had not disturbed him, and was ready to carry out the agreement when Adams should require. This portion of the answer was stricken out on motion of plaintiff. The answer also set up that under the judgment in the partition proceeding defendant was entitled to one-

fifth of the purchase money. The court refused to declare the law as follows, as asked by defendant: "The contract, as set out in the petition and as shown by the proof, not being in writing, nor any note or memorandum thereof, signed by the defendant nor by some person by him lawfully authorized, is void, and the plaintiff can not recover."

The court found for plaintiff, and gave judgment against defendant for the amount bid by him with interest, &c.

*Whittelsey* and *Pipkin*, for appellant.

I. There was no sufficient memorandum of the sale, so as to give the sheriff a right to enforce a specific performance of the contract. A sheriff's sale is within the statute of frauds. (2 Johns. 248; 8 Johns. 520, § 47; 3 Blackf. 472; 8 Blackf. 105; 8 Mo. 177; 2 Camp. 203; 5 B. & Ald. 333.) The terms of sale are not given. The lot bought is not sufficiently described. (3 Duer, 395; 1 Johns. 273; 14 Johns. 15; 7 East, 558; 16 Wend. 130; 7 Mo. 389.) The sheriff can not maintain an action for specific performance of a contract for the purchase of real estate. He has no such possession nor interest as will authorize an action. (10 Johns. 387.) The damages were excessive. The sheriff was entitled only to the interest he had — commissions and costs. One-fifth of the purchase money belonged to defendant. The court erred in striking out that portion of the answer setting up the agreement with Adams. (7 Mo. 569; 11 Mo. 659; 20 Mo. 81.)

*Frissell* and *Green*, for respondent.

I. The statute of frauds does not apply to sheriff's sales. If it does, the memorandum in this case is sufficient. Besides, the defendant does not deny the sale to himself nor his bid. (See Smith on Contracts, 36; Sugd. on Vend. 133; Hilliard on Sales, 185.)

RICHARDSON, Judge, delivered the opinion of the court.

A sheriff's sale of real estate is within the statute of frauds, and a note or memorandum thereof must be made to bind

the parties. (Evans v. Ashley, 8 Mo. 177.) We think, however, that the memorandum made by the deputy sheriff in this case was sufficient for that purpose. The deputy states that the sheriff handed to him the advertisement and copy of the order of sale in the partition suit of Robert v. Adams, and directed him to proceed with the sale; that he acted as clerk, and Johnson as auctioneer; that the advertisement was first read and then the land was put up in parcels, and as it was struck off he immediately wrote on a memorandum the number of the lot sold, the name of the purchaser, and the amount of the bid. The memorandum was produced, and at the caption was written, "Partition, Lands. Louis Robert v. B. T. Adams." Then follows the number of the lot, the quantity it contains, the purchaser's name, the price per acre, and the aggregate; for example: "Lot No. 11—274 80-100 a.—Louis Robert—$10.50 per a.—$2,885.40." The title of the partition suit being placed at the head of the memorandum of the sale connected the papers in that case with the memorandum, for the purposes of this inquiry, as perfectly as if they had been specially referred to and made a part of it; and therefore it was not necessary to resort to parol evidence in order to connect other papers with it, to show the agreement of the parties and to establish a valid contract.

The sheriff was the agent appointed by law to make the sale ordered in the partition suit, and it was his duty to collect the purchase money and pay it over to the parties respectively entitled to it. If the defendant had complied with the terms of the sale, his note for the deferred payment would have been executed to the sheriff, (R. C. 1855, p. p. 1116, § 35,) which he could have collected by suit in his own name. This suit is not a proceeding to enforce the specific performance of a contract, but is simply an action of assumpsit for land sold; and, as the plaintiff was the trustee of an express trust created by law and the judgment in the partition suit, we see no reason why he can not maintain this action. For the fact that the defendant failed to give his

note, as it was his duty to do, can not affect the right of the sheriff to sue him for the purchase money.

It seems that the defendant was entitled to four-twentieths and Adams to fifteen-twentieths of the proceeds of the sale in partition suit, so that the two together were entitled to nineteen-twentieths. The defendant set up in his answer that after the sale there was an agreement between him and Adams by which it was agreed that the latter was to take the land on terms to be afterwards agreed on between them. Now they could not by an outside arrangement between themselves affect the right of the sheriff to his lawful fees or the right to collect enough to pay all the costs and the portion coming to the parties entitled to one-twentieth of the proceeds; but they had a right to do what they pleased with nineteen-twentieths less the costs; and it would be very unnecessary to compel the defendant to pay the whole of the purchase money after the others had surrendered their right to it, and when nearly all of it would be immediately paid back to him.

It was not necessary that the answer should aver that the agreement with Adams was in writing, for the statute has not changed the common law mode of declaring, and a writing could be given in evidence in support of the averment sufficient to take the case out of the statute. If then the defendant can show a valid agreement with Adams that will silence his claim against the sheriff for any part of the purchase money, the defendant ought not to be compelled to pay the portion represented by Adams. But if the contract, when proved, will not operate as a release by Adams for any share of the purchase money, it will not avail the defendant in this action.

We think, then, that the court erred in striking out a part of the defendant's answer, and for the reasons already given the judgment ought not to have included all of the four-twentieths which belonged to the defendant.

The other judges concurring, the judgment will be reversed and the cause remanded.