STEWART, TO THE USE OF SIBLEY *et al.*, Plaintiffs in Error, v.
GARVIN, Defendant in Error.

1. In making sales of real estate under orders of sale in partition the sheriff
   is the agent of both parties.   Any appropriate entry or memorandum made
   by the sheriff in his sale book should be taken in connection with the papers
   in the partition case, and they should be regarded as a part thereof, when
   the sufficiency of the memorandum is called in question.

### Error to St. Charles Circuit Court.

The facts sufficiently appear in the opinion of the court.

*Lewis and Alexander,* for plaintiff in error.

I. The memorandum or entry made by the sheriff's deputy
at the sale was a sufficient compliance with the statute of
frauds.   (Wiley v. Robert, 27 Mo. 388.)   No tender of a
deed by the sheriff was necessary.   Defendant would not be

entitled to a deed until payment of the last instalment of the purchase money.

EWING, Judge, delivered the opinion of the court.

This was an action by the sheriff to recover the two first instalments of the purchase money for lands sold by him to the defendant at a partition sale. There was a demurrer to the petition, which was sustained, and the plaintiff sued out his writ of error. The question arising on the demurrer is whether the memorandum alleged in the petition satisfies the statute of frauds.

The petition, pursuing the usual form, alleges an order for the sale of the real estate and the terms thereof, an actual sale by the sheriff to the defendant, pursuant to the order, of certain lots, which are referred to by their numbers as designated on a plat filed, the price and quantity of acres; and then proceeds thus: "Of which sale plaintiff, by his deputy, then and there made a memorandum in a book kept by him for that purpose, and according to the terms of said sale the defendant should have paid plaintiff, on the day of said sale, namely, October 23, 1856, the sum of $1,591.72, and executed to the plaintiff his two notes each for a like sum due in one and two years respectively with approved security."

Every sale, *ex vi termini* imports a seller, buyer or price, and a subject matter; but as this term is here employed it has a more comprehensive meaning, and evidently includes, in addition to those particulars, also the terms of the sale, as it respects the payments, and therefore every requisite to a valid contract under the statute of frauds. The allegation of the petition refers directly to the sale as previously set out, all the particulars of which are there stated; and of this sale the plaintiff avers he made a memorandum in writing. The contents of the memorandum must therefore consist of all the essential elements of such sale. This would not more clearly appear had all the terms of the contract been expressly set forth in the petition, as constituting a part of the

memorandum. It may be remarked that any appropriate caption or entry by the sheriff in his sales book connects the papers in the partition case with his memorandum, and makes them part thereof, whenever the sufficiency of the memorandum is involved.

It is well settled that the sheriff, in transactions like this, is the agent of both parties; that when property is bid off he becomes the agent of the buyer, as he was previously of the seller; and as it is the officer and not the individual, who is clothed with this authority, the acts of his deputy are equally binding with his own.

Judgment reversed and the cause remanded; the other judges concurring.