WILEY, Defendant in Error, v. ROBERT, Plaintiff in Error.

1. A memorandum made by a deputy sheriff and signed by him of a sale of one of several lots in a partition proceeding, in which Louis Robert and others were plaintiffs and one B. T. Adams, defendant, was as follows: "Partition, lands—Louis Robert v. B. T. Adams—lot No. 11—274.80-100 a.—Louis Robert, $10.50 per a.—$2,885.40." *Held,* that this memorandum was sufficient to take the case out of the statute of frauds. (Wiley v. Robert, 27 Mo. 388, affirmed.)

2. Where at a sheriff's sale under a decree of partition, C., one of the parties to the partition suit, became a purchaser, and agreed by parol with A., another of the parties to said suit, who was entitled to the greater portion of the proceeds of said sale, "that said A., (who was in possession of the premises sold), should keep the place upon a price to be afterwards agreed upon. *Held,* that this at furthest was only an agreement to sell upon terms to be afterwards settled, and therefore incapable of specific enforcement; nor, on account of the indefiniteness of its terms, can it be interpreted as a release by A. of his claim to the proceeds of the partition sale.

3. Such agreement is also within the statute of frauds.

### *Error to Jefferson Circuit Court.*

This was an action brought in 1856 by the sheriff of Jefferson county, to recover from Louis Robert the amount bid by him for a certain tract of land at a sale in a partition proceeding, in which said Robert and others were plaintiffs and B. T. Adams, defendant. The defendant denied in his answer that a memorandum in writing of the alleged sale had been made by one lawfully authorized. The defendant also set up that after said sale it was agreed between the plaintiff in said partition suit and the defendant therein, Adams, that the latter should keep the land and compromise upon a price to be agreed upon; that Adams retained possession of said land; that plaintiff had not disturbed him, and was ready to carry out the agreement when Adams should require. This portion of the answer was stricken out on motion of the plaintiff, and on a trial of the issue made by the rest of the answer, the court held the memorandum of the sheriff's deputy sufficient in law, and judgment was rendered for the plaintiff.

An appeal was taken to this court, which resulted in a reversal of the judgment thus rendered, for error in sustaining the motion to strike out the parts of the answer hereinbefore referred to. The case is reported in 27 Mo. 388.

Another trial was had upon the original petition and the answer was restored in accordance with the decision of this court, which resulted in judgment for the plaintiff. From this judgment a writ of error has been prosecuted.

The memorandum of the sheriff's sale, introduced in evidence on the trial, was made and signed by a deputy sheriff who attended to the sale, and was as follows: " Partition, lands — Louis Robert v. B. T. Adams — lot No. 11 — 274 80-100 a. — Louis Robert — $10.50 per a. — $2,885.40."

The plaintiff in error asked the following instructions, which were refused by the court: " 1. The plaintiff not showing any authority from B. T. Adams, the defendant in the partition suit referred to in the petition, to prosecute this suit for the said Adams' share of the proceeds of said sale in said partition suit, can recover only the sum due for costs in said suit and his commission upon the amount of sales. 2. If after the bidding at sheriff's sale it was agreed by and between the plaintiffs and defendant in said partition suit that the said Adams should retain the said farm and should pay the plaintiffs for their share of the land, at a rate to be thereafter settled and agreed upon between the plaintiffs and defendant, and in pursuance of said agreement said Adams retained possession of said farm, then the plaintiff can recover in this suit only the costs and commissions of said partition suit, and can not as sheriff recover the amount of the bid at the sale, he having no interest in the proceeds of sale beyond the said costs and commissions."

There is no sufficient memorandum or note in writing shown in this case to authorize the plaintiff to recover.

*Whittelsey* and *Pipkin*, for plaintiff in error.

I. There was no sufficient memorandum of the sale so as to give the sheriff a right to enforce a specific performance

of the contract. ( 2 Kent. Com. 511; 3 Duer, 395; 7 East, 558; 11 East, 157; 15 East, 103; 1 J. C. B. 274, 277; S. C. 14; J. R. 15; 1 Sch. & Sef. 22; 16 Wend. 28; 3 J. R. 399, 419; 1 Atk. 12; 9 Ves. 234, 250, 253; 3 Ad. & El. 355; 11 Ves. 550; 11 Ves. 583; 13 J. R. 297; S. C. 15; J. R. 505; 12 Ves. 466.)

II. The court erred in not treating the contract of sale and purchase, as rescinded by the parties in interest, and therefore not to be specifically enforced except as to costs. Said contract could be discharged, rescinded, or waived, by parol agreement between the parties who had a claim to the proceeds of the sale. A written contract not under seal may be discharged by parol. (2 Phil. Ev. Ed. 59, p. 692 n., 505, 506; 1 Greenl. Ev. § 302, 304; 5 B. & Ad. 58; 2 John. C. R. 405; 24 Maine, 36; 3 Met. 489; 9 Pick. 298; 3 Jo. R. 528; 1 John. Cas. 23; 3 J. Cas. 60.) And such discharge is a defence to a bill for the specific performance of the contract. (1 Sug. V. ch. 3, § 9, n. 1; 2 John. C. 405; Beat. 488; 2 Wh. & Tu. S. C. p. 522; 17 Ves. 356; 9 Ves. jr. 234, 250; 2 Ves. sr. 299.)

*Frissell & Green*, for defendant in error.

I. There was no error in refusing defendant's instructions. The sheriff is by law a trustee of an express trust in case of sales of land in partition, and hence can maintain an action in his own name for collection of money due on such sales. (27 Mo. 388.) The plaintiff, as the agent of all parties in such cases, and being responsible over to all parties for their interest in the sales, could not be affected by any agreement of Adams and Robert respecting the land unless such agreement amounted to a release of plaintiff from the payment to Adams of his interest. (27 Mo. 388.) The memorandum in writing made and signed by Dover, the deputy sheriff, was sufficient. (See 27 Mo. 388, and authorities there cited by respondent.) The alleged agreement between Robert and Adams is insufficient, because not in writing, and because the terms of the sale were not agreed upon, nor the price.

NAPTON, Judge, delivered the opinion of the court.

The questions presented by this record are substantially the same determined by the court when the case was here before. (27 Mo. 388.)

The memorandum of the sheriff was then decided to be a sufficient compliance with the statute of frauds. Precisely the same state of facts appeared on the second trial.

In reference to the agreement between Robert and Adams after the sale, we do not see how it can affect the disposition of this suit. That agreement was, as proved by the only witness who spoke of it, that "Adams should keep the place upon a price to be agreed upon afterwards between himself and Robert." It was not reduced to writing. Had it been in writing and unobjectionable so far as the statute of frauds is concerned, how could it be enforced in this suit? If Adams had been a stranger in interest, it is clear that such a contract could amount at furthest to an agreement to sell him the land on such terms as might be afterwards settled; but until the terms are agreed upon, how is the contract to be enforced? No price is named.

The fact that Adams owned the larger portion of the land sold, or rather was entitled to the larger portion of the proceeds of the sheriff's sale, did not authorize him to discharge the defendant from a contract, in which four other persons were interested; nor can the contract proved be considered, upon any reasonable interpretation of its intent, as a release of the defendant to the extent of Adams' interest. There was nothing definite or complete in its terms. If the parties had subsequently disagreed as to the price, could a court of equity have forced them to agree or made a contract for them?

It is sufficient, however, that the contract was not in writing and that no circumstance occurred to withdraw it from the operation of the statute. Adams was in possession of the land before the sale, and continued in possession afterwards. He remained on the place until his crop was made

and then removed. There was no evidence having any tendency to show that he took possession under the verbal contract ; nor was there, as has been observed, any of that certainty in its terms which courts of equity always require when called upon to enforce a contract against the letter of the statute of frauds.

Judgment affirmed. The other judges concur.