JAMES F. TULL, Trustee, etc., Respondent, *v.* HERMAN DAVID, Appellant.

1. *Trusts — Trustee's sale — Purchaser, auctioneer not agent for.* — When, at an auction sale under a deed of trust, the trustee acts as his own auctioneer, he can not bind the purchaser by a memorandum of the sale made by himself, so as to hold him liable, within the meaning of the statute of frauds (Wagn. Stat. 656, § 5). Although acting as auctioneer, he is a party to the sale, with natural interest and bias adverse to the purchaser; and the circumstance that he has no beneficial interest in the subject of the sale settles nothing as to his bias.

*Appeal from Fifth District Court.*

*Hall & Oliver*, for appellant.

I. A necessary party to a suit can not be the agent of either party to the contract, on a sale of property at public auction, so as to bind him by signing the memorandum, although he has no beneficial interest in the contract. (Browne on Frauds, §§ 367–8, note 1; Buckmaster v. Harrop, 13 Ves. 456; Smith v. Arnold, 5 Mass. Ch. Cas. 417; Bent v. Cobb, 9 Gray, 397.)

II. Although it seems to be settled that an auctioneer, sheriff, or the like, is the agent of both parties at the sale of property, yet if the action is brought by him, his signature will not be sufficient, within the statute of frauds, to bind the purchaser. (2 Stark. on Ev. 492.)

III. The memorandum relied on here is no memorandum at all, within the statute of frauds, because not signed by appellant, or any one by him authorized, in a manner which authenticates it as his act. (Browne on Frauds, §§ 357–8.)

*Vories & Vories*, for respondent.

Currier, Judge, delivered the opinion of the court.

This suit was brought to recover the amount of the defendant's bid at an auction sale under a deed of trust. The plaintiff was the trustee in the deed, and acted as his own auctioneer at the sale. The property was struck off to the defendant as the best bidder, and the plaintiff thereupon entered on the margin of the paper containing the advertised notice, and contiguous thereto, a memorandum of the sale, thus: "Sold to Herman David, for five hundred dollars." The notice described the property and contained a statement of the terms of sale.

The defendant resists the collection upon the ground that the contract of sale was within the statute of frauds (Gen. Stat. 1865, p. 106, § 5), and that it was therefore invalid. It is insisted that the plaintiff, being a party to the sale, and a necessary party to the suit to recover the purchase money, was incompetent to act in the transaction as the agent of the buyer; and it is therefore insisted that the memorandum of the sale made by

him was invalid, and failed to bind the defendant. The position thus assumed by the defendant is undoubtedly sustained by the current of adjudicated cases, both English and American. Browne, in his work on frauds, states the matter thus: "One rule, however, has been settled, both under the fourth" (Gen. Stat. 1865, p. 438, § 5) "and seventeenth" (Gen. Stat. 1865, p. 438, § 6) "sections, that neither party can be the other's agent to bind him in signing the memorandum. And it makes no difference that the pretended agent has not himself any beneficial interest in the contract, but stands in a fiduciary relation to third persons, so long as he is, in a legal point of view, the real party to, and the proper one to sue upon, the contract." (See Browne on Frauds, § 367, and the authorities cited; also, 3 Pars. on Cont. 11, note r.) In Bent v. Cobb, 9 Gray, 397, Bigelow, J., reasons upon the subject as follows: "The great mischief intended to be prevented by the statute would still exist if one party to a contract could make a memorandum of it which could absolutely bind the other. If such were its true construction, it would be a feeble security against fraud, or, rather, it would open a door for its easy commission. A vendor could fasten his own terms on his vendee. If it was a written contract binding on the purchaser, he could not show by parol evidence that the terms of the bargain were incorrectly or imperfectly stated. He could not vary or alter it by the testimony of those present at the sale. The publicity of a sale by auction would be no safeguard against false statements of the terms of sale made in the written memorandum signed by a party acting in the double capacity of auctioneer and vendor. The chief reason in support of the rule that an auctioneer, acting solely as such, may be the agent of both parties, to bind them by his memorandum, is that he is supposed to be a disinterested person, having no motive to misstate the bargain, and entitled equally to the confidence of both parties. But this reason fails where he is the party to the contract and the party in interest also. * * * Nor can it make any difference, as to the power of the vendor to make the memorandum binding on the vendee, that the sale is made by the former in his representative or fiduciary character as executor, administrator,

guardian, or trustee. He is still the party to the contract; the price is to be paid to him; he is to deal with the purchase money; his interest and bias would naturally be in favor of those whom he represented; and, what is more material, in case of dispute or doubt as to the terms of the contract, his duties and interests would be adverse to the vendee. He would stand in a relation which would necessarily disqualify him from acting as agent of both parties." The reasoning of Judge Bigelow commends itself to the approval of my judgment, and I adopt it in full. The circumstance that the trustee may have no beneficial interest in the subject of the sale, necessarily settles nothing as to his mental biases. By reason of his relations to the beneficiary, he may be as deeply interested in the results of the transaction as though he were the sole owner of the property and the proceeds of the sale were coming to him alone. The relation of trustee and *cestui que trust* is usually, as well in fact. as in law, a relation of personal trust and confidence.

The trustee may be the father or other near relative of the beneficiary, and if one trustee may act in the triple capacity of vendor, auctioneer, and agent of the buyer, why not all? Where is the line of distinction to be drawn between different trustees or classes of trustees? We are referred to no decided case that adopts the principle contended for by the plaintiff in this suit. The nearest approach to it is found in the case of Wiley v. Roberts, 27 Mo. 388, and Stewart v. Garvin, 31 Mo. 36; where it is held that a sheriff, in selling lands under an order of court in proceedings for partition, is a competent agent of the parties to make a binding memorandum of the sales made by him; that a proper memorandum made by him binds the parties and withdraws the contract of sale from the influence of the statute of frauds. But the sheriff in such cases acts simply in the execution of a judicial power of sale, and not in strictness as a trustee. No title is vested in him. He acts merely as the instrument of the law in effecting the sale and conveyance. He is a public officer, and holds his position under the provisions of law, and not as the mere appointee of private parties. His public position and responsibility afford some security at least that his public duties

will be discharged with uprightness and impartiality. At all events, this court has only gone to the extent of holding that a sheriff's memorandums of auction sales made by him in his official character were valid and binding on the parties, as being made by their duly authorized agent. It has not been held that executors, administrators, guardians, and other trustees are competent to act in the triple capacity of vendors, auctioneers, and agents of the parties, all at one and the same time, and so as to make their mere memorandums of sales binding on the parties as a written contract by them duly executed and delivered. Nor are we prepared to take that long step forward in that direction. We do not question the power of an auctioneer, who acts in that capacity alone, to make 'a memorandum of a sale at auction, which shall bind the parties, although it might be necessary to sue on the contract thereby evidenced in the name of such auctioneer. We limit our decision strictly to the case at bar, holding that the memorandum appearing in this record was inoperative, as not being executed by the "party to be charged therewith, or some other person by him thereto lawfully authorized."

The judgment of the District Court is reversed and the cause remanded. The other judges concur.