## SMITH *vs.* JONES.

Contracts within the statute of frauds must be in writing signed by the party to be charged, or some one authorized by him to sign, and must contain a statement of the agreement sought to be enforced.

(*a.*) A receipt given by one party to another and signed by the first alone is not sufficient to charge the party receiving it with a contract stated therein, it being one required to be in writing.

(*b.*) A letter referring generally to a contract as existing, without stating any of its terms or otherwise identifying it, is not sufficient to bind the writer to a contract the terms of which must be supplied by parol.

Smith *vs.* Jones.

Contracts. Statute of frauds. Non-suit. Before Judge HILLYER. Fulton Superior Court. October Term, 1880.

. Smith sued Jones. He alleged that defendant had bought a lot from him in Cuthbert, Georgia, and owed him a balance on the purchase money. Among other pleas; the defendant pleaded that she had never entered into any written contract for the purchase of the lot.

On the trial plaintiff sought to meet the requirements of the statute of frauds by the introduction of a receipt which he had given to defendant and a letter written by defendant to plaintiff's wife. .They were as follows:

"Received of Easter Jones ninety-five dollars in part payment of a certain purchase of three hundred dollars of a house and lot number 193 in the 9th district of Randolph county, containing a half acre more or less, next and south of Joe Taylor's lot and opposite Mrs. Jane Lightfoot, also known as the lot formerly owned by Mrs. Elizabeth Barry. (*Signed*) B. J. SMITH."
*January 7th, 1878.*

"ATLANTA, GA., July 11th, 1878.
*Mrs. Captain Smith:*

DEAR MRS. SMITH—I would have written before this, but have had no opportunity. I am very much pleased with my change up to this time, and the house is full of very nice boarders, and as I am waiting in the house you know that pleases me. I wish you would come up here this summer, as I know it would please you, being near the springs. I am trying to take the advice you gave me when I left. Give my love to Miss Lou and the entire family, also, to uncle Reuben Allen and his wife. Tell uncle Reuben I miss him every Sunday morning. Please ask the Captain if he will let the rent go this year on the payment of the house; if he will I can make the payment this year, and ask him to please let me know as early as possible, as I have another object in view. I almost know he will, as I have no one to help me, and people are dying out so fast I want the matter settled. Tell him I can send him all the money I have made if he wants it, or if not, send him at Christmas all I will have up to that time, as I am living very economical. Please let me know very soon, and oblige,
Very respectfully, EASTER JONES."

This letter was sent under envelope, addressed to plaintiff. .

The parol testimony shows the terms of the contract. The plaintiff's own testimony was as follows, the other parol testimony being to the same general purpose :

"I am the plaintiff in the case of B. J. Smith *vs.* Easter Jones. I sold defendant a house and lot in the city of Cuthbert, Georgia, in December, 1875, or first of January, 1876, for $300.00 as cash consideration. The contract was made at my house in Cuthbert, Georgia, in presence of my wife. It was not written. It was a frame house with three rooms, good stack chimney, two fire places, half acre of land, more or less, adjoining place where Dr. W. B. Tackett formerly lived, and on west side of street running from Methodist church to Baptist college, known as Barry place ; defendant was to pay $300.00. It was a cash consideration. I was to take part in services from defendant. Defendant had money deposited with John T. Clarke, and he (witness) was to get that. Defendant owed at the commencement of the suit about $205.00. Defendant has paid about $95.00. She paid that in services rendered in 1876 and part of 1877. A receipt was given to defendant as near as can be remembered, as follows : (stating it). This receipt was given about January 1st, 1878. Defendant was in witness' services during the year 1876, and till October, 1877. I am not indebted to her. I have paid her all I was due her by credit for house and lot purchased as above described. I do not now owe her anything, she, defendant, having paid what I was due her on house and lot and ordered it so credited ; nor did I owe her anything at commencement of this suit. I have stated fully all I know about the matter. Easter Jones bought the place and was to pay for it, which she has not done except the $95.00 as credited for services rendered. Easter Jones worked for me in 1876 and up to October, 1877. I was to pay her $65 00 for services in 1876, and defendant's account for that year was $12.25 ; for 1877 I was to pay her $75.00. She allowing me to rent the place sold her and to have and receive the rents. Defendant left in

October, 1877. Defendant's account up to the 1st of October, 1877, was received of witness $18.35. I owed her about $95.00 on the 1st of January, 1878. It has been paid, defendant directing that it be credited as part payment of the house and lot, and it was paid January, 1878. I am in possession of the house and lot, was in possession in 1877, with the understanding that I was to pay defendant by access of wages $2.00 per month, which I did pay her. It was improved. I have rented it out and collected the rents at the instance and request of plaintiff, with the distinct understanding that the rent of the place was to offset the interest accruing on defendant's indebtedness to plaintiff for the purchase of the house and lot. . I own this claim, have not transferred it or made any arrangements about it. I did owe John T. Clarke and do owe him something now—something over $100.00; don't know exact amount. I heard defendant say she had money deposited with John T. Clarke; she told me so; money deposited, I think, and something about $75.00. I ordered it garnished, and suppose it was done. I ordered the suit to be brought. I employed Marshall J. Clarke, through his brother, John T. Clarke, of this place."

On motion the court granted a nonsuit, and plaintiff excepted.

MARSHALL J. CLARKE, for plaintiff in error.

HOPKINS & GLENN, for defendant.

JACKSON, Chief Justice.

This suit was brought to recover the balance due on the alleged purchase of a house and lot. The plaintiff introduced in evidence a receipt for ninety-five dollars paid for the house and lot, but only signed by himself, and not by the defendant who was the party sought to be charged by the contract and sued in this action for the balance of the money. The receipt set out the price and

designated the house and lot sold. The plaintiff also introduced a letter from defendant in regard to some house, but not designating that described in the receipt, or the price to be paid, or any of the terms of the contract. It was written to the wife of plaintiff and contained these expressions, and these only, on the subject :

"Please ask the Captain if he will let the rent go this year on the payment of the house ; if he will I can make the payment this year, and ask him to please let me know as early as possible, as I have another object in view. I almost know he will, as I have no one to help me, and people are dying out so fast I want the matter settled. Tell him I can send him all the money I have made if he wants it, or if not, send him at Christmas all I will have up to that time, as I am living very economical. Please let me know very soon, and oblige,
Very respectfully,                    EASTER JONES."

The plea of defendant is that she did not make the contract, and that no note or memorandum of it in writing was made by her or by any one for her authorized to sign it. The court granted a non-suit on the ground that the case was not taken out of the statute of frauds by the receipt and letter construed together, and the sole question is, do these papers furnish such a note or memorandum of the contract as will take the case without that statute?

It is clear that the receipt is not such a note or memorandum as will bind the defendant ; because it is a paper which she did not sign. Does her letter help or heal the difficulty? We think not. It does not refer to the receipt at all ; nor does it otherwise describe the thing bought, nor the price, nor any of the terms of the contract. There is therefore nothing in writing signed by her which complies with the statute so as to bind her, and taking the two papers together, unless the parol testimony be let in to connect them and show that the letter referred to the receipt, there is nothing signed by her to bind her to the contract set out in the receipt. If the parol testimony could show that, away would go the statute, and it had as

well be admitted to show the whole contract. And such we understand to be the full current of authority, whether cited by the one or the other side here. Browne on Stat. of Fraud, §344 *et seq.*, and cases cited.

The rule should not be relaxed now when the flood gates are open wide as to the competency of witnesses, and the only breakwater left is the requisition to put this class of contract, and others of similar character, in writing.

It is well to observe that the contract was made in 1875—it seems from the parol testimony, and the receipt is dated the 1st of January, 1878, and the letter the July following. Whilst if the trade had been acknowledged in writing afterwards it could make no material difference, yet the subsequent writings appear by their dates not to have been executed to make a note or memorandum of the sale, but the receipt simply to acknowledge the payment of money on it, and the letter seems a proposition to modify or alter its terms in regard to rent.

The defendant was not put in possession, and there was no part performance of the contract by plaintiff so as to take the case without the statute. Browne Stat. Frauds, §§453–468 *et seq.*

Under these views of the law, there could be no recovery for the plaintiff no matter what was the parol testimony, and the non-suit was properly awarded. The case turned on the single point, do the letter and receipt without the assistance of parol testimony, show a note or memorandum of the sale signed by the defendant so as to bind her? We think they do not, and the judgment is affirmed.

Judgment affirmed.