## English *vs.* Bank of the State of Georgia.

Complaint, from Fulton. Contracts. Principal and Surety. Guaranty. Principal and Agent. (Before Judge Hammond.)

Jackson, C. J.—A bank held certain jewelry. In order to get possession of it and carry it to his store, one S. obtained a written guarantee from the president, who was also the principal stockholder of the bank, and one E., to the bank on March 22, 1877, one mode of dis-

charging, which was by " the faithful return of said goods." They were returned to the bank and placed in its vault under the control of its cashier. S. desired to obtain them, in order to offer them for sale in another city, but the bank cashier refused to allow him to have them without E. came down to the bank and made a guaranty in person, or without his signature. E. wrote the following note to the president of the bank, dated March 30: " Mr. Sharpe informs me that he wants to go to Augusta and take your goods; any arrangement you make with him for us will be satisfactory to me," etc. The president thereupon agreed in parol that he and E. would be jointly responsible to the bank. The president took a receipt from S. to himself and E. for the goods, providing that the goods should be sold for their account, and that S. would pay over the proceeds. The goods were delivered to S., who absconded with them. The bank brought suit against its president and E., and a verdict was rendered in its favor, over the defense of E.

Held, that, whether the contract of March 30th be considered as reviving the written contract of March 22d, or as making a new contract of guaranty, as between the guarantors and the bank, the parol agreement of the president was necessary to make it a complete contract. His co-surety was entitled to a valid binding contract, on which he could require contribution; but the parol agreement of the president with the bank was not sufficient for that purpose, and therefore, E. would not be bound. Code, §§1950, sub-sec. 2, 2170, 2173; 63 Ga., 67; De Col. Guar., etc., p. 206; 66 Ga., 338; North & Co. *vs.* Mendel & Bro. (Sept. T., 1884); 1 Smith Lead. Cas. (6 ed.), p. 283; L. R., 1 C. P., 407.

(a) The charge set out in the 7th ground of the motion and the refusal to charge as requested in the 4th and 5th grounds, as well as the general view of the law of the case indicated in the charge, in so far as contrary to this decision, were erroneous.

(b) The double agency of the president, at once representing the interest of the bank and acting to bind E., is not valid. Brown Stat. Frauds, §367; Brandt Sur. and Guar., §76; 2 Camp., 203; 5 Barn. & Ald., 333; 4 Id., 443; 45 Mo., 444; 60 Ga., 221; De Col. Guar., etc, 193; Hartridge *vs.* Sav. Bk. & T. Co., (last term.)

(c) As the record now discloses the facts, the verdict is contrary to the evidence.

(d) E. stands in this transaction as an accommodation endorser or surety. De Col. on Guar., etc., pp. 66, 152 *et seq.*, rule 1; 56 Ga., 72, 76; Code §2148.

Judgment reversed.

Hopkins & Glenn, for plaintiff in error.

Julius L. Brown; Candler, Thompson & Candler, for defendant.