Jackson, C. J.
A bank held certain jewelry. In order to get possession of.it and carry it to his store, one S. obtained a written guarantee from the president, who w;as also the principal stockholder of the bank, and one E., to the bank on March 22,187T, one mode of dis-
Hopkins & Glenn, for plaintiff in error.
Julius L. Brown ; Candler, Thompson & Candler, for defendant.
charging, which was by “the faithful return said goods. They were returned to the bank and placed in vault under the control of its cashier. S. desired to obtain them, in oix^er to °^er t^em tor sale in another city, but the bank cashier refused to ..^tlow him to have them without E. came down to the bank and made a & uaranty in person, or without his signature. E. wrote the following note ,to president of ¡the bank, dated March 30: “ Mr. Sharpe informs me 0a*1 wan^® to ;goto Augusta and take your goods; any arrangement you’ mabe with Ihim for us will be satisfactory to me,” etc. The preside*,1*' thereupon -agreed in parol that he and E. would be jointly! resp*.'118^0 'to the bank. The president took a receipt from S. to himself ant*1 ¡for the goods, providing that the goods should be sold for their account) ;and ¡that S. would pay over the proceeds. The goods were delivered to ¡S., who absconded with them. The bank brought suit against its president and E., and a verdict was rendered in its favor, over the defense at E.
Held, that, whether the contract of March 30th be considered as reviving the written contract of March 22d, or as making a new contract ■of guaranty, as between the guarantors and the bank, the parol agreeunept -of 'the .president was necessary to make it a complete contract. iHis -co-surety was entitled to a valid binding contract, on which he ■could .require contribution; but the parol agreement of the president -with the bank was not sufficient for that purpose, and therefore, E. -would not. be bound. Code, §§1950, sub-sec. 2, 2170, 2173; 63 Ga., 67; De Col. Guar., etc., p. 206; 66 Ga., 338; North & Co. vs. Mendel & Bro. (Sept. T., 1884); 1 Smith Lead. Cas. (6 ed.), p. 283; L. R., 1 C. P., 407.
(a) The charge set-out in the 7th ground of the motion and the refusal to charge as requested in the 4th and 5th grounds, as well as the general view of the law of the case indicated in the charge, in so far as .contrary to this decision, were erroneous.
(b) ' The double agency of the president, at once representing the interest of the bank and acting to bind E., is not valid. Brown Stat. Frauds, §367; Brandt Sur. and Guar., §76; 2 Camp., 203; 5 Barn. & Ald., 333; 4 Id., 443; 45 Mo., 444; 60 Ga., 221; De Col. Guar., etc, 193; Hartridge vs. Sav. Bk. & T. Co., (last term.)
(c) As the record now discloses the facts, the verdict is contrary to the evidence.
(d) E. stands in this transaction as an accommodation endorser or surety. De Col. on Guar., etc., pp. 66,152 et seq., rule 1; 56 Ga., 72, 76--Code §2148.
Judgment reversed.