WILSON HALL, Sheriff, ex rel., Respondent v. FRANK GIESING, Appellant.

Kansas City Court of Appeals, March 2, 1914.

1. **STATUTES OF FRAUDS:** Judicial Sales. The amendment of 1887 to the Statute of Frauds providing that "no contract for the sale of lands made by an agent shall be binding upon the principal unless such agent is authorized in writing to make said contract," does not apply to judicial sales wherein the sheriff acts as an arm of the court in the exercise of judicial power. The amendment deals only with those sales made by an agent under private authority and has nothing to do with sales ordered by the courts under public authority of law.

2. **PARTITION SALES:** Recalcitrant Bidder: Liability Under Statute. Under Secs. 2223 and 2593, R. S. Mo. 1909, a cause of action is given against a bidder whose bid is accepted, and who refuses to pay his bid, for any loss occasioned by a subsequent resale. And the sheriff can proceed as though no such sale has been made. The statute does not require the sale to be reported and confirmed. The bidder, under said statutes, renders himself liable when he makes the bid and it is accepted by the sheriff.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

AFFIRMED.

*Harris & Finley* for appellant.

*J. Richard Garstong, E. W. Hinton* and *N. T.
Gentry* for respondent.

TRIMBLE, J.—In this case the sheriff of Boone
county sues at the relation and to the use of the heirs
of John T. Giesing, deceased, to recover of defendant
the sum of $1000, that being the difference between the
amount of defendant's successful but unpaid bid at a
partition sale of deceased's land, and the amount that
was afterwards obtained for the land upon a subse-
quent sale.

Defendant was also one of the heirs of said John
Giesing, deceased, and was the plaintiff who brought
the partition suit against the other heirs who are plain-
tiff's relators in this suit.

At the October, 1911, term of the Boone county
circuit court judgment of partition was rendered in
said suit and the land ordered sold.

Thereafter, at the January, 1912, term, to-wit, on
January 26, 1912, the sheriff offered said land for sale
according to law at public auction to the highest bid-
der for cash, and at such sale the defendant became
the highest and best bidder therefor at the price and
sum of $7000 and the land was stricken off and sold to
him for that amount.

The sheriff at once entered in his sales-book the
name of the defendant as the purchaser and $7000 as
the purchase price opposite the description of the land
sold and a copy of the advertisement showing the suit
and decree under which the sale was made. This also
gave the names of the parties to the suit and the date
of sale.

After making the sale and waiting two or three hours for the defendant to pay the amount of his bid, the sheriff demanded the money and finally told defendant he would have to sell the land again if defendant did not pay it, and defendant said he could not get the money.

Thereupon the land was again put up at public auction, and the highest bid obtainable was only $6000, or $1000 less than defendant had agreed to give. This bid was paid by the purchaser and the sale to him was approved by the court.

The sheriff then instituted this suit. Defendant's answer set up the plea of the Statute of Frauds and denied that there was any contract binding on him to purchase the land.

The case was tried by the court without a jury and a judgment was rendered against defendant for $1000 from which he appeals.

Defendant offered testimony tending to show that the resale was by agreement of parties, but as there was testimony to the contrary and no findings of fact or declarations of law were asked or given the judgment of the court must be accepted as finding that there was no such agreement.

Defendant's main objection is that as sheriff's sales are within the Statute of Frauds, and that as our statute (Section 2783, R. S. Mo. 1909), concludes with the words "and no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract," therefore, the sheriff had no authority to bind defendant because defendant had not so authorized him in writing.

It may be well to observe that the cause of action against a recalcitrant or defaulting bidder is given by statute. [Secs. 2223 and 2593, Revised Statutes 1909.] And the statute nowhere makes the bidder's liability depend on the fact that he has authorized in writing the

sheriff to act for him. The concluding portion of the statute of frauds above quoted was added to the section in 1887. [Laws of 1887, p. 195.]    Consequently, defendant argues that the cases of Wiley v. Robert, 27 Mo. 388; Stewart v. Garvin, 31 Mo. 36; Tull v. David, 45 Mo. 444; and Springer v. Kleinsorge, 83 Mo. 152, are not controlling since they were decided before the amendment made to the statute in 1887.    This view is derived from a remark in Dunham v. Hartman, 153 Mo. 625, l. c. 632, where Judge VALLIANT says: "In the one case, if the law were still as it was when Stewart to use v. Garvin, 31 Mo. 36; Tatum v. Holliday, 59 Mo. 422; Springer v. Kleinsorge, 83 Mo. 152, were decided he would have the authority as the implied agent of the bidder to make a memorandum to bind him in the face of the Statute of Frauds."    In that case, however, Judge VALLIANT was not talking about a sheriff executing a decree of court to which the bidder sought to be bound was a party and which he authorized the court to make.    The sheriff in that case was a mere substitute for a trustee named in a deed of trust, and was therefore acting in his individual capacity.    For this reason Judge VALLIANT said: "We hold that in this case the plaintiff was only a substituted trustee acting in his individual and not in his official capacity and had no authority to bind the defendant by any memorandum he may have made."

We do not think the amendment of 1887 to the Statute of Frauds applies to judicial sales wherein the sheriff acts "in the execution of judicial power." If so, its effect is to practically repeal section 2223 and to make a farce of judicial sales.    The amendment is dealing with those sales made by an agent under *private* authority given him so to do, and has nothing to do with those sales ordered by the courts under *public authority of law.*

It is urged that the sheriff should have reported the sale to the court and obtained an order of confir-

mation before defendant could be held liable, and that as he did not do this, but resold the land at the same term, there was an abandonment of the sale to defendant. This contention is on the theory that, as the sale in partition is subject to the confirmation of the court, until the sale has been reported and confirmed, defendant's bid is merely an unaccepted proposition to buy. But, as hereinbefore stated, we must bear in mind that the cause of action is given by statute, sections 2223 and 2593, and they do not require the sheriff to have the sale confirmed before proceeding against the bidder. The sheriff can proceed "as though no previous sale had been made." It is true there are many decisions in other states holding that a confirmation is necessary, but in those cases the proceeding is brought under the common law on the theory that the bid is a contract which the bidder, by refusing to complete, has violated, and the suit is for the breach of the contract. In such cases a confirmation is necessary. But under our statute the bidder renders himself liable when he makes the bid. The order of sale was "for cash in hand" which required the money to be paid on day of sale, and it was held by the United States Supreme Court, in a case where there was no statute, that no confirmation was necessary to fix liability upon a defaulting bidder for a deficiency arising upon a resale. [Camden v. Mayhew, 129 U. S. 73, 1. c. 84.] In the case at bar the defendant was notified that he must pay his bid or the land would have to be resold and he gave the sheriff to understand that he would not pay his bid. In addition to this the sheriff was required to collect the money, and the court could not confirm a sale since no sale was actually completed. Under the statute the defendant's liability became fixed when his bid was accepted and a memorandum thereof made, and it was not postponed until a confirmation was entered. The defendant by his own wrongful act in refusing to pay his bid prevented a report and confirma-

tion of the sale. The statute was passed to make judi-. cial sales formal and effective matters and to prevent them from being turned into farcicial proceedings. There was no claim that the sale to defendant was not regular and fair in every way. But, if it was not, defendant could have shown such fact by way of defense herein. He was therefore not deprived of any defense by reason of there not having been a report of sale and a confirmation thereof.

The judgment is affirmed. All concur.