CHARPIOT, Respondent, v. SIGERSON, Appellant.[*]

1. The possession that will be deemed such a part performance of a parol contract for the sale of land as will take the case out of the statute of frauds is an actual possession taken by the vendee under the contract, with the consent of the vendor, and with a view to the performance of the contract, and not the constructive possession which the law imputes to the owner when there is no actual adverse possession in a stranger.

2. In order to take a case out of the statute of frauds on the ground of a part performance of a parol contract for the sale of land, the acts relied on should be definite and referable exclusively to the contract, and the contract itself should be fully established in all its essential terms.

*Appeal from St. Louis Land Court.*

This was an action to enforce specific performance of a contract of sale of land. Issues were framed and submitted to a jury, and the following, among other instructions, was given to the jury: "1. Possession of the land in question, as mentioned in the pleadings, may be either actual or constructive. Actual possession needs no explanation; it may be seen there for itself. It may be with or without inclosures, buildings or cultivation. Constructive possession is different; as where a man has title to land, though it be wild and untenanted, if no person have actual, adverse possession, the

* This cause was decided at the October term, 1856. A motion for a rehearing was filed and continued to the March term, 1857. The motion was overruled.

law imputes the possession to the rightful owner. Also where a man has good title to land (no other person being in adverse possession) and exercises over it such acts of ownership as men do ordinarily exercise over their wild and untenanted lands, the law regards such acts of ownership as good evidence of possession on the part of the claimant."

The jury found "that the contract, as stated in the petition, was made verbally and confirmed in writing; that defendant had notice of such contract before the making of the deed from James Sigerson [the vendor] to John Sigerson, the defendant; that James Sigerson did surrender the ground in dispute to the plaintiff, and the plaintiff did take and keep possession thereof as stated in the petition." The court rendered a decree for plaintiff.

*W. L. Williams*, for appellant.

*A. J. P. Garesché* and *Primm*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

We reverse this judgment on account of the instruction in reference to possession. In applying the equity of specific performance to real estate, there is a modification of a rule of statute law, which at first sight appears inconsistent with it, and repugnant to the maxim that " equity follows the law." The modification to which we refer is that of enforcing parol contracts relating to land on the ground that they have been already performed in part. The wisdom of allowing this deviation from the written law has been much doubted, but the doctrine is too firmly established by precedent, wherever English equity law prevails, to be now called in question. The only difficulty is in determining what shall be considered part performance. At one time the payment of the purchase money, or even of a part of it, was considered such; but that doctrine, after being the subject of a good deal of discussion, has, it is believed, been finally overthrown.

The principle of part performance is said to be that, if one of the contracting parties induced the other so to act that if

the contract be abandoned he can not be restored to his former position, the contract must be considered as perfected in equity, and a refusal to complete it at law is in the nature of a fraud. Such would be the case where, upon a parol agreement for the purchase of land, the vendee, not being otherwise entitled to the possession, is admitted into it by the seller; for if in such case the contract be invalid, he is made a trespasser, and is liable to answer as such at law; and the equity is stronger, if, after being let into the possession, he is allowed to lay out his money in improvements upon the land. In order however to render the change of possession a sufficient part performance, it is essential that it should have been made with a view to the agreement being performed. Hence, if the change of possession was independent of the contract, or was obtained wrongfully by the vendee, or even without the consent of the vendor, it is not a part performance.

Supposing the parol contract to have been established by the proof, the turning point in that case was, whether there had been such a change of the possession as would take the contract out of the statute of frauds; and the court directed the jury that this possession, such as would be sufficient for this purpose (for that was the possession about which the issue was made), might be either actual or constructive, and that constructive possession was that which the law imputed to the owner, when there was no actual adverse possession in another. This is an obvious error. The possession that will be deemed a part performance of a parol contract is an actual possession, taken by the vendee under the contract, with the consent of the vendor, and with a view to the performance of the agreement, and not the fictitious possession which the law imputes to the legal ownership when there is no actual adverse possession in a stranger, and which passes from one to the other upon every transfer of the legal title. Indeed the only definition given by the court of constructive possession utterly excludes the idea that the plaintiff had such a possession of the land in controversy; yet the instruction may have misled the jury, and as it relates to a material point in the

case, we can not treat it as a harmless, although incorrect, ruling of the law.

It was argued before us that there was not sufficient evidence of the contract in all its terms to submit that question to the jury. The judgment being reversed for the error in the instructions, there will be a new trial of all the issues, and we therefore refrain from expressing any opinion in reference to the sufficiency of the evidence but will take occasion to remark, that, in order to take a case out of the statute of frauds on the ground of part performance of a parol contract, the acts relied upon for this purpose should be definite and referable exclusively to the contract, and the contract itself should be fully established in all its essential terms. It is said that in former times judges felt themselves at liberty to depart from this reasonable course of adjudication, and granted relief notwithstanding the uncertainty as to the terms of the contract. This latitude of jurisdiction however is not warranted by any sound principle, and has been expressly renounced in more recent times. The judgment is reversed, and the cause remanded.