Webb v. Toms.

---

WEBB v. TOMS *et al., Appellants.*

Parol Contract for Sale of Lands : SPECIFIC PERFORMANCE : STATUTE OF FRAUDS. Where one seeks the specific performance of a parol contract for the sale of land, and makes out a case of part performance sufficient to take the case out of the statute of frauds, the court should find the balance due on the purchase price, if any, and on payment of the same into court vest the title in the vendee.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Phelps & Brown* and *Smith & Krauthoff* for appellants.

The answer of defendant Teel admitting plaintiff's ownership of property in controversy, and setting up an equitable defence, converted the case wholly into an equitable proceeding, and the case was tried upon that theory in the court below. *Hodges v. Black*, 76 Mo. 537. The judgment of the court below, in favor of the plaintiff for the south half of lot fifty-seven, was entirely unsupported by the evidence. When there has been part performance of a parol contract for the sale of land, and the purchaser has been let into possession, and made actual improvements, with the knowledge and acquiescence of the vendor, the contract is not within the reason of the statute of frauds, and a specific performance of such contract will be compelled. *Freeman v. Freeman*, 43 N. Y. 34 ; 3 Am. Rep. 657 ; *Miller v. Ball*, 64 N. J. 286 ; *Patterson v. Copeland*, 52 How. 460 ; *Edwards v. Fry*, 9 Kan. 417 ; *Howe v. Rodgers*, 32 Tex. 218 ; *Pecham v. Barker*, 8 R. I. 17 ; *Bowles v. Watham*, 54 Mo. 261, and cases cited. Courts of equity regard the taking of possession, and making improvements upon the faith of a parol contract, as a substitute for the memorandum required by the statute, without reference to the inquiry whether the benefits received by the purchaser equal or exceed the improvements put upon the land by him. *Mims v. Lockett*, 33 Ga. 9. The contract being fully executed by one party, equity demands that the other party shall be compelled to perform his part of it. *Walker v. Walker*, 2 Ark. 100 ; *Wheeler v. Reynolds*, 66 N. Y. 227.

*Joseph Cravens* for respondent.

The appellant, claiming to be the owner of Mrs.

Toms' interest in the premises, prays to have the title vested in him. ''The contract, whose specific performance is sought, should be certain, mutual, and capable of being performed.'' Story's Eq. Juris., secs. 723, 736, 751. The party asking such relief, must establish, beyond question, that he has performed every condition in such contract. Payment of all the purchase money alone is not sufficient. The taking possession and making improvements alone are not sufficient. These must all concur to take such contract out of the statute of frauds. *Parker & Brown v. Leewright*, 20 Mo. 85; *Bean et al v. Valle et al*, 2 Mo. 83; *Chambers et al v. Lecompt*, 9 Mo. 567; *White v. Watkins*, 23 Mo. 423; *Townsend v. Hawkins*, 45 Mo. 286; *Johnson v. McGrowder*, 15 Mo. 365; *Despain v. Carter*, 21 Mo. 331; *O'Fallon v. Kennedy*, 45 Mo. 124; 19 Mo. 125; 54 Mo. 261. There is no evidence or pretense, except in appellant's answer, that the fifty dollar consideration was ever paid or tendered.

BLACK, J.—This was ejectment for lot fifty-seven in Webb City. The defendant, Teel, answered that plaintiff made an agreement with Amanda Toms, whereby, in consideration of fifty dollars to be paid by her, and that she would take possession of the lot and build a house thereon, he would convey the same to her ; that she performed all these agreements on her part ; and that defendant has acquired her interest in the lot. There was also a prayer for affirmative relief.

The proof shows that the plaintiff agreed to give Mrs. Toms the lot in consideration that she would build a house upon it, which she did do, and which cost some one thousand and two hundred dollars, and that afterwards he agreed to sell to her lot fifty-eight for fifty dollars, which she paid to plaintiff. It was con-

ceded on the trial that Teel had acquired all the rights of Mrs. Toms to lot fifty-seven. The court found for plaintiff as to the south half of the lot, and gave defendant a decree of title to the north half. ·

Why the pleadings were not amended to conform to the proof, we are not informed. If the defendant was entitled to any part of the lot, he was entitled to have a decree for the whole. Even upon the pleadings, as they stand, and the proofs as they appear to have been made from this bill of exceptions, the court should have found the amount of the balance due upon the lot, and, upon the payment of the same into court for the plaintiff, awarded the defendant a decree for the title to the whole lot.

There is no question of the specific enforcement of a building contract in this case. The contract, in this respect, was executed. By part performance the agreement, though in parol, is taken out of the statute of frauds. The judgment is reversed, and cause remanded for new trial, with leave to parties to amend, if they, or either, see fit so to do. All concur.