T. Lowell Davis and Doris K. Davis, His Wife, and Ida L. Davis, v. M. Edith Falor, Appellant.—142 S. W. (2d) 76.

Division Two, July 3, 1940.*

*J. A. Silvers* and *John W. Noble* for appellant.

---

*NOTE: Opinion filed at September Term, 1939, February 21, 1940; motion for rehearing filed; motion overruled May 4, 1940; motion to transfer to Court en Banc filed; motion overruled at May Term, 1940, July 3, 1940.

*James A. Dearmond* and *F. W. Long* for respondents.

BOHLING, C.—Equity for the specific performance of an oral contract to convey land. Decree nisi for plaintiffs and defendant appeals. The pleadings are not questioned. The material facts follow.

T. Lowell Davis owned the land involved (E½ SW¼; S½ SE¼ NW¼, Sec. 10, Twp. 38, R. 32, Bates county, Missouri). M. Edith Falor held his $2200, five year, 6%, note due April 23, 1934, secured by a deed of trust against said real estate. Three or more years' interest being in default, the deed of trust was foreclosed December

516

22, 1933, and Mrs. Falor bid the property in for $500. Mr. Davis gave notice to redeem and caused a bond to redeem to be executed and filed January 13, 1934. (Consult Sec. 3064, R. S. 1929, Mo. Stat. Ann., p. 1894.) He was unable to raise the necessary funds and entered into negotiations with Mrs. Falor. According to plaintiffs' testimony Mrs. Falor, in December, 1934, agreed to accept a new three year, 6%, $2200 note, secured by deed of trust against said real estate, upon condition that Mr. Davis pay all outstanding interest, taxes and other liens. On December 21, 1934, Mr. and Mrs. Davis executed their $2200 note, secured by deed of trust as aforesaid, and delivered the same and $668.74 cash to Mr. Trefz, cashier of the Security Bank of Rich Hill, and who admittedly was acting on behalf of Mrs. Falor and, according to Mr. Davis' understanding, as "escrow agent." The record discloses that Mr. Davis borrowed $268.74 of said amount from a third party. Mr. Trefz placed the $668.74 to the credit of Mrs. Falor in the bank and mailed the note, deed of trust and a duplicate deposit slip to Mrs. Falor. However, a $500 deed of trust against said real estate, subject to the original $2200 deed of trust, remained unsatisfied of record and Mrs. Falor returned the new note and deed of trust to Mr. Trefz. Under date of January 8, 1935, Mr. Trefz advised Mr. Davis of the situation and that Mrs. Falor wanted the matter closed before February 1, 1935. Negotiations were renewed by Mrs. T. Lowell Davis about January 16, 1935. Mrs Falor advised her to take the matter up with Mrs. Falor's attorney. The deed of trust securing the $500 indebtedness stamped "Paid, May 24, 1930, Peoples Bank, Rich Hill, Missouri" was found, but the $500 note secured thereby could not be located. The Peoples Bank was in the hands of a receiver. A search of its records failed to show the said $500 transaction. Mr. Davis was unable to secure the necessary affidavits to satisfy the $500 deed of trust of record. (Consult Laws 1933, p. 196, repealing and reenacting Sec. 3078, R. S. 1929, Mo. Stat. Ann., p. 1909.) Mrs. Davis testified Mrs. Falor's attorney suggested that Mrs. Ida Davis, mother of T. Lowell Davis, might act as a third party; that "this deed was to be made to Mrs. Davis in order to clear the title;" that Mrs. Ida Davis consented to so act; that Mrs. Falor was advised, by telephone, thereof and she replied that whatever her attorney approved of was all right. We need not concern ourselves with the legal effectiveness of the contemplated acts outlined in Mrs. T. Lowell Davis' testimony. Mrs. Ida Davis never took any step to close the matter. Under date of January 29, 1935, a trustee's deed to Mrs. Falor was executed. This action followed.

■ No testimony was offered on behalf of Mrs. Falor.

Defendant advances a number of reasons why specific performance may not be decreed. Plaintiffs rely upon the fact that Mr. Davis continued in peaceful possession of the land subsequent to the foreclosure proceedings and plowed the land during the summer of 1934

to take the case out of the statute of frauds. These actions are referable to Mr. Davis' prior possession and his contemplated redemption of the land. They cannot be referable to plaintiffs' pleaded agreements of December 21, 1934, or January 16, 1935, which then had no existence. Emmel v. Hayes, 102 Mo. 186, 193, 194, 196, 14 S. W. 209, 210, 211, 11 L. R. A. 323, 22 Am. St. Rep. 769, contains a somewhat complete statement of the law on the subject. It is there, among others things, said: "The taking possession of a tract of land by a vendee, under a parol contract made by a vendor to convey to him, and with the consent of such vendor, will take the case out of the statute of frauds, and authorize compulsory specific performance *only* where such taking of possession is *pursuant to, and referable solely to, the parol contract.* Nothing short of this unequivocal act of taking possession will suffice. . . .

"The uniform statement of the textwriters and the reported ruling of adjudged cases is that mere *continuance* of possession does not constitute part performance. There must be a *radical* change in the attitude of the contracting parties towards each other, a change consisting of *acts done;* a *notorious* change which *itself indicates* that *some contract* has been made between the parties, and *then* parol evidence is admissible to show the details of the agreement. . . .

" 'Merely taking or holding possession is of itself nothing. The question is *quo animo* it is taken or held, and this is not allowed to be answered by parol proof of the agreement between the parties. . . .' " Swearengin v. Stafford (Mo.), 188 S. W. 97, 99[5], in ruling a like issue, states: "We do hold that where nothing more is shown than the oral contract, the payment, and the possession of the life tenant, such possession will be referred to the life tenancy and not to the oral contract." See, also, Bean v. Valle, 2 Mo. *126, *135; Charpiot v. Sigerson, 25 Mo. 63; Gibbs v. Whitwell, 164 Mo. 387, 64 S. W. 110; Annotations 101 A. L. R. 1010 et seq., and 3 L. A. A. (N. S.) 807 et seq. "Payment of the purchase money in whole or in part, without anything further being done under the contracts, will not remove the statute." Swearengin v. Stafford (Mo.), 188 S. W. 97, 98[3], and, among others, the Missouri cases cited supra. There may be exceptions to this broad statement of the rule, as where the payee is a third person against whom a cause of action does not survive the transaction of sale. (See Kincaid v. Kincaid, 85 Hun, 141, 32 N. Y. Supp. 476, affd. 157 N. Y. 715, 53 N. E. 1126.) The instant case is not within such exception. Under the foregoing authorities plaintiffs are not entitled to a decree of specific performance, and we pass other issues presented by defendant.

Ordinarily, upon the refusal of specific performance the parties may be restored to their original position. The party paying is not injured and no fraud is perpetrated upon him by the failure to perform. The purchase money paid may be recovered in an action

518

at law. In proper instances a decree may be entered protecting its repayment under a prayer, as here, for general relief. Consult 58 C. J., p. 1259, sec. 611, n. 26; 21 C. J., p. 138, secs. 119-121, 123, nn., 75-80; Rockhill Tennis Club v. Volker, 331 Mo. 947, 972[11], 56 S. W. (2d) 9, 20[10]; Rains v. Moulder, 338 Mo. 275, 284, 90 S. W. (2d) 81, 85[9]. The record discloses that defendant and plaintiffs entered upon the negotiations in good faith and desired that they be consummated. From the sole fact that plaintiffs may not be entitled to specific performance it does not follow that they are not entitled to any protection in equity. Devore v. Devore, 138 Mo. 181, 186, 39 S. W. 68; Clay v. Mayer, 183 Mo. 150, 159, 81 S. W. 1066, 1069; Paris v. Haley, 61 Mo. 453, 462; Cathart v. Robinson, 30 U. S. (5 Pet.), 264, 278, 8 L. Ed. 120, 125. To permit defendant to retain the fruits of the negotiations, including the $668.74 delivered by plaintiffs and credit said sum on Mr. Davis' old obligation, in the circumstances, would give defendant an unconscionable advantage. Her agent did not accept the payment for that purpose. She could not legally compel Mr. Davis to borrow from another to discharge said obligation. We think the peculiar facts of the instant case call for the restoration of the parties to their original position free from any claim of the other arising out of any transaction other than the specific transaction wherein plaintiffs sought to reacquire the title to the real estate.

The judgment is reversed and the cause remanded for further proceedings. in conformity herewith. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.