**W. R. WILLEY and Mary A. Willey,**
**Appellants,**

**v.**

**Hayes A. TALKINGTON and Kitty M. Talkington, and R. E. Wolfe and Mrs. R. E. Wolfe, Respondents.**

**No. 46278.**

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

Wm. G. Zimmerman, Kansas City, for appellants.

David Waldman, Kansas City, for respondents.

BOHLING, Commissioner.

This is a suit by plaintiffs, Mr. and Mrs. W. R. Willey, for (Count I) the specific performance of an alleged oral contract to purchase certain described land in Jackson County, Missouri, or, in the alternative, for (Count II) $20,000 damages for the breach of said agreement. The suit is against Mr. and Mrs. Hayes A. Talkington, who were the owners of said land and with whom plaintiffs allege they contracted for its purchase, and Mr. and Mrs. R. E. Wolfe, whom plaintiffs allege purchased said land from defendants Talkington with full notice of the rights of the plaintiffs. Separate motions of defendants Talkington and defendants Wolfe to dismiss plaintiffs' petition on the ground the alleged agreement between plaintiffs and defendants Talkington violated the provisions of the Statute of Frauds, was sustained and judgment was entered dismissing plaintiffs' petition and taxing the costs against plaintiffs. Plaintiffs appeal from the judgment.

The defendants have adopted the "Statement of the Facts" in plaintiffs' brief, directing attention, however, that said statement fails to mention Count II of the petition. We quote plaintiffs' statement of their case:

"The defendants Talkington were the owners of the property in question, approximately 108 acres on the South edge of Kansas City, in Jackson County, Missouri, and the plaintiffs Willey were in possession of said property under their lease agreement, and had been in possession under

yearly oral leases since 1945. That beginning as of March 1, 1948, the plaintiffs Willey rented and occupied said property for 12 months, with the understanding that they would like to purchase the property, and the defendants Talkington agreed that, if they desired to sell or offered the property for sale, they would give the plaintiffs the first opportunity to purchase the property. That each March thereafter, the same agreement was entered into between the parties, and at the beginning of the yearly rental term in March, 1956, the plaintiffs Willey again told defendant owners that they would like to buy the property, and the defendants again agreed that, when they got ready to sell or offered the property for sale, they would give these plaintiffs the first opportunity to buy.

"That in January, 1957, the plaintiffs Willey were informed that Talkingtons were selling the property to the codefendants R. E. Wolfe and wife, and plaintiffs immediately went to Talkingtons and reminded them of their agreement and told Talkingtons that they wanted to buy the property, and offered to buy the same, for the price and under the same terms contracted with the codefendants Wolfe; but Talkingtons refused to sell to them, and on January 30, 1957, had notice served on the plaintiffs Willey to vacate the premises on or before March 1, 1957.

"Plaintiffs thereafter brought this suit to enforce their right to purchase the land under their pre-emption agreement and to have the property conveyed to them, either. by the owners Talkington, or the codefendants Wolfe as Trustees for Talkingtons under their contract of purchase."

■ Plaintiffs seek the specific performance of an oral covenant of an oral lease to give plaintiffs the first opportunity to purchase the land should defendants Talkington decide to sell. This has been considered a right of pre-emption. Beets v. Tyler, 365 Mo. 895, 290 S.W.2d 76, 81 [9].

■ The alleged agreement is within the Statute of Frauds (§ 432.010 RSMo 1949,

V.A.M.S.) prohibiting the maintenance of actions for the sale of land unless the agreement be in writing. The statute, however, does not bar relief in equity where the agreement is oral if the suit falls within certain well established rules, which are stated in Walker v. Bohannan, 243 Mo. 119, 136, 147 S.W. 1024, 1028, and so far as material here read:

"The rules cover many phases; i. e., (1) the alleged oral contract must be clear, explicit, and definite; (2) it must be proven as pleaded; (3) such contract cannot be established by conversations either too ancient on the one hand, or too loose or casual upon the other; * * * (6) and the work constituting performance must be such as is referable solely to the contract sought to be enforced and not such as might be reasonably referable to some other and different contract * * *."

Forrister v. Sullivan, 231 Mo. 345, 373, 132 S.W. 722, 730, stated specific performance of a parol contract to make a deed conveying real estate "will not be enforced in specie except on certain high and stringent conditions—each a *sine qua non*," and expressed rule "(6)" of Walker v. Bohannan, supra, thus: "(e) Performance must be shown as far as practicable. It must be unequivocal. The acts relied on to show performance must in their nature be referable alone to the very contract sought to be performed; for it is only thereby, because of the benefits arising to the promisee, that his conscience and that of those claiming under him is bound, in a word, the acts relied on to show performance must point unerringly to the contract in suit and to none other. There must be an absence of doubt or equivocation throughout the whole case in pleadings and proof. * * *"

We have stated there should be no further encroachments upon the statute than the rules already establish. Forrister v. Sullivan, supra, 132 S.W. loc. cit. 731; Poole v. Campbell, Mo., 289 S.W.2d 25, 31.

Plaintiffs, according to their pleaded claim, took possession of the 108 acres under a yearly oral lease in 1945, and ever since have continued in possession under yearly oral leases. They further allege that as of March 1, 1948, and yearly thereafter, they continued said possession as tenants of defendants Talkington with the oral understanding that plaintiffs were to have the first opportunity to purchase if said defendants decided to sell the land. Plaintiffs' possession of the land was a continuation of their possession initiated in 1945 under their oral yearly lease. Such retention of possession is insufficient to sustain a decree for specific performance of a subsequent oral contract to sell the land.

We said in Emmel v. Hayes, 102 Mo. 186, 193, 194, 196, 14 S.W. 209, 210, 211, 11 L.R.A. 323, 22 Am.St.Rep. 769: "The taking possession of a tract of land by a vendee under a parol contract made by a vendor to convey to him, and with the consent of such vendor, will take the case out of the statute of frauds, and authorize compulsory specific performance *only* where such taking of possession is *pursuant to, and referable solely to, the parol contract.* Nothing short of this unequivocal act of taking possession will suffice. * * * The uniform statement of the text-writers, and the reported ruling of adjudged cases, is that mere *continuance* of possession does not constitute part performance. There must be a *radical* change in the attitude of the contracting parties towards each other; a change consisting of *acts done*; a *notorious* change, which *itself indicates* that *some contract* has been made between the parties; and *then* parol evidence is admissible to show the details of the agreement. * * * 'Merely taking or holding possession is of itself nothing. The question is, *quo animo* it is taken or held, and this is not allowed to be answered by parol proof of the agreement between the parties. * * *'"

See Forrister v. Sullivan, supra, 132 S.W. loc. cit. 731 (plaintiff in possession as ten-

ant under a contract of lease); Schebaum v. Mersman, Mo., 191 S.W.2d 671, 675 [6] (cited by plaintiffs); Swearengin v. Stafford, Mo., 188 S.W. 97, 99 [5] (involving a life tenant in possession); Davis v. Falor, 346 Mo. 514, 517, 142 S.W.2d 76, 77 [1-4], and authorities cited.

Emmel v. Hayes, 102 Mo. loc. cit. 199, 14 S.W. loc. cit. 212, overruled Simmons v. Headlee, 94 Mo. 482, 7 S.W. 20, and Emmel v. Headlee, Mo., 7 S.W. 22, stating: "And it may be remarked that the necessity for surrendering the possession under the circumstances supposed, and the taking of the possession under the contract, is no more 'technical' than that required of a tenant when he would dispute the title of his landlord; for he, in order to do this, must first surrender the possession of the premises in good faith to his landlord, and then he can resume the possession and dispute his landlord's title successfully."

Plaintiffs' cases, in so far as they sustain plaintiffs' position, involved expressed pre-emption covenants in written agreements. Barling v. Horn, Mo., 296 S.W.2d 94; Kershner v. Hurlburt, Mo., 277 S.W.2d 619; Beets v. Tyler, 365 Mo. 895, 290 S.W. 2d 76. They do not rule the instant case.

Plaintiffs quote McGuire v. Hutchison, 240 Mo.App. 504, 210 S.W.2d 521, 528 [10, 11], involving the clause of the Statute of Frauds requiring an "agreement that is not to be performed within one year from the making thereof" to be in writing. They cite no case wherein this negatively worded provision has been held to authorize an action upon an oral contract for the sale of land which might be performed within a year. The quoted provision applies to subject matters of a large class of agreements but is not applicable to the special provision of the statute requiring "any contract made for the sale of lands" to be in writing.

Plaintiffs' Count II, in the alternative for damages, is based on the existence of an agreement entitling plaintiffs to specific

performance against defendants Talkington, and falls with their failure to state a claim entitling them to such relief against said defendants. Jones v. Linder, Mo., 247 S.W.2d 817, 819 [3, 12], and cases cited.

The foregoing disposes of all issues presented upon this appeal. Plaintiffs have failed to establish error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.