ADOLPHUS BOECKELER, Respondent, *v.* MICHAEL McGOWAN ET AL., Appellants.

### June 29, 1882.

1. A memorandum of sale of real estate which consists of two papers must contain such a reference from one to the other as will serve to connect the two, and such as will conduct a searcher from one to the other with reasonable certainty.

2. *Schroeder* v. *Taaffe* (11 Mo. App. 267) explained.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*
A. R. TAYLOR, for the appellant.
LOUIS GOTTSCHALK, for the respondent.

THOMPSON, J., delivered the opinion of the court.

After rehearing, we are satisfied that we were wrong in holding that the memorandum of the sale made by Mrs. McGowan in the office of the Lafayette Mutual Building Association was of itself sufficient to take the case out of the statute of frauds, because it does not contain the name of the vendor. But it contains a reference to the trustee's sale which had taken place on the same day. The reference, we think, sufficiently connects the memorandum made by the auctioneer upon the advertisement at the time of the bidding with this memorandum. The two, taken together, are certainly sufficient to furnish all the facts relating to the sale, which a conveyancer would need in order to draw a

formal deed.   Such a memorandum clearly takes the case out of the statute of frauds.   The principle laid down in *Schroeder* v. *Taaffe* (11 Mo. App. 267), that the memorandum which takes the case out of the statute, if consisting of more than one paper, must either be physically connected, or else the one must refer to the other, does not, we think, require an express or explicit reference, such as would make the two papers one contract; but it is sufficient if the reference would conduct the searcher to the other memorandum with reasonable certainty.   This is clearly shown by the case of *Wiley* v. *Roberts* (27 Mo. 388), where there was no reference in the particular memorandum to any other paper, but only to a partition suit, and this was held to connect the papers in that case with the memorandum.   It is also shown by the case of *Briggs* v. *Munchon* (56 Mo. 467), where the memorandum was not sufficient in itself, because it did not contain a description of the property; but it referred to the property as the lots remaining unsold of the Briggs estate. This was held to connect this memorandum with the recorded plat of the Briggs estate, although no such plat was referred to, and so the memorandum was helped out and held sufficient.   The correct principle under this head seems to be that declared in *Thayer* v. *Lun* (22 Ohio St. 62), "that several writings may be construed together for the purpose of ascertaining the terms of a contract required by the statute of frauds to be in writing; and if some only of the writings be signed, reference must specifically be made therein to those which are not so signed.   But if each of the writings be so signed, such reference to the other need not be made, if, by inspection and comparison, it appears that they severally relate to and form a part of the same transaction."   See also *Beckwith* v. *Talbot*, 95 U. S. 289; *Peabody* v. *Speyers*, 56 N. Y. 230; *Work* v. *Cornhick*, 581 Ill. 317.   Here, both of the writings were signed by

Mrs. McGowan, the purchaser; for the writing of Mrs. McGowan's name by the auctioneer upon the advertisement at the bidding, was just as much a signing by Mrs. McGowan, within the meaning of the statute of frauds, as though she had signed it herself.

But if there is any doubt about the propriety of connecting these two memoranda together, it still remains clear that the memorandum made by the auctioneer, before the sale was adjourned, by writing on the printed advertisement of the sale, the name " Honora McGowan, $4,000," was, of itself, a sufficient memorandum to take the case out of the statute.   The auctioneer took the memorandum to his office after the adjournment of the sale, and wrote opposite to it in ink the words, " Sold to Honora McGowan, for $4,000.   Present, James Taussig, Joseph Brolaski, George DeBaum.   C. H. Voorhis, auctioneer."   Although this additional writing may not have been, by reason of the fact that the sale was adjourned, and the bidders, including Mrs. McGowan, had dispersed, at the time when it was made, a good memorandum under the statute, yet the book, as put in evidence, shows the printed advertisement with the original memorandum which the auctioneer made at the bidding, written in pencil on the face of it.   This memorandum, of itself, would enable a conveyancer to make a formal and sufficient deed conveying the property by Adolphus Boeckeler to Honora McGowan in accordance with the undoubted facts of the case.

We are clear, therefore, that the case is not within the statute of frauds, and the judgment is accordingly affirmed. All the judges concur.