DEVORE, *Appellant*, v. DEVORE.

Division Two, March 10, 1897.

138  181
145  648
78a 191

138  181
94a  390

1. **Pleading**: PURCHASE OF LAND: SPECIFIC PERFORMANCE.   A general denial is a sufficient answer to a petition that asks for specific performance of a parol contract for the purchase of land, or else for damages for the failure to perform such contract.

2. **Purchase of Land**: SPECIFIC PERFORMANCE: PAROL CONTRACT.   A parol contract to convey to plaintiff certain lands can not be enforced nor can plaintiff recover damages, even though he has partly performed the contract by paying two hundred dollars of the contract price.

3. ———: PRACTICE: PART PAYMENT: REMEDY: EQUITY. But the pur-
chaser is not without remedy where the contract for the purchase of
land was a parol one.  He has a lien on the land for the amount of
money paid by him in pursuance of such contract.  "It is an estab-
lished principle in equity that where a conveyance is made prema-
turely before the payment of the price, the money is a charge on the
estate in the hands of the vendee; and where the money is paid pre-
maturely before conveyance, it is, in like manner, a charge on the
estate in the hands of the vendor; and what is true of the premature
payment of the purchase price as a whole, is also true of a premature
part payment, in which case the premature part payment operates as
a lien *pro tanto.*"

4. ———: ———: ———: ———: PLEADING.  Such lien is not at all
affected by the fact that the defendant as executor of his father's
estate paid off some notes at thirty-five cents on the dollar, which his
father had indorsed for the plaintiff, because no such payments were
pleaded, and because such payments if made by defendant as
executor could not affect plaintiff's individual claim for purchase
money prematurely paid.

*Appeal from Cape Girardeau Circuit Court.*—HON.
HENRY RILEY, Judge.

REVERSED AND REMANDED.

*W. H. Miller* for appellant.

(1)  Before a party can avail himself of a pay-
ment he must plead it.  This was not done.  (2)  If
the plaintiff owes anyone on account of these payments
it is the estate of William Devore, and not the defend-
ant, and such indebtedness can not be set up by a party
in his individual capacity.  (3)  The defendant's
answer is a general denial, yet he seems to rely upon
the statute of frauds.  A failure to plead the statute of
fraud amounts to a waiver of that defense.  *Maybee v.
Moore,* 90 Mo. 340 (343); *Sherwood v. Saxton,* 63 Mo.
78; *Gardner v. Armstrong,* 31 Mo. 535.  (4)  If a
contract is set up and relied on in the petition, which
is good at common law but voidable by reason of non-

conformity to the statute, this is ground for defense to be pleaded by him who would avoid the contract, and if not so pleaded the matter is waived. *Gardner v. Armstrong, supra; Sherwood v. Saxton, supra; Maybee v. Moore, supra.* (5) If for any reason in cases of this character the court can not award specific performance, it may in lieu award damages. *Hamilton v. Hamilton,* 59 Mo. 239; *Webbs v. Toms,* 86 Mo. 591. (6) Time is not of the essence of this contract. *Mastin v. Grimes,* 86 Mo. 478. Equity abhors a forfeiture. *Orr v. Zimmerman,* 63 Mo. 72; Bispham's Principles of Equity, sec. 181.

*Wilson Cramer* for respondent.

(1) The first contract between plaintiff and defendant, made in December, 1891, of which there was a memorandum in writing, was entirely abandoned. (2) The second agreement, entered into in April, 1892, was not in writing, and is therefore within the statute of frauds. (3) No part performance is shown to take the case out of the statute. (4) The contract, as set up by plaintiff, is denied by defendant. It was therefore not necessary to specially plead the statute of frauds. The general denial was a sufficient answer. *Allen v. Richard,* 83 Mo. 55 (60); *Boyd v. Paul,* 125 Mo. 9. (5) One of the principal considerations for the contemplated sale by defendant of his entire interest in the estate to plaintiff for $1,000 was that plaintiff should undertake the administration of the estate, pay the debts and relieve defendant from all trouble. No evidence was offered that plaintiff made any effort in that direction, and I cite as appropriate here what the court says in the case of *Mastin v. Halley et al.,* 61 Mo. 202.

SHERWOOD, J.—The object of plaintiff in instituting this suit was to have specific performance of a contract for the sale of land, or else damages for the failure to perform the contract, and for other and further relief.

The petition charges in substance the following:

*First.* The death of William Devore, the ancestor of the parties to this suit, and also the names of the children surviving.

*Second.* That William Devore died seized of the real estate in litigation as well as a considerable amount of personal property.

*Third.* The fact of the execution of a will and it being probated.

*Fourth.* An effort on the part of the disinherited children to institute a proceeding, contesting the validity of the will.

*Fifth.* That Levi J. Devore, defendant in this suit, was the sole legatee in said will.

*Sixth.* A compromise of said threatened lawsuit or contest of the will, by which it was agreed in writing by defendant that if the disinherited children would not contest the validity of the will, they would be paid sums of money, as follows: John M. Devore, $400; R. E. Strong, $200; Mary A. Mathews, $200; Alice Looney, $200, etc.

*Seventh.* A subsequent agreement between plaintiff and defendant by which plaintiff was to assume these various payments and pay defendant the sum of $1,200, and take a conveyance to the property described.

*Eighth.* The payment of $100 in cash to defendant and the surrender of a horse of the value of $100 as earnest money.

*Ninth.* That in furtherance of said agreement this plaintiff executed to his brothers and sisters his

notes for the aggregate sum of $900, being the sum due them under and by virtue of said agreement.

*Tenth.* The refusal of the respondent to either execute to him the deed agreed upon, to refund the money paid to him, or to relieve plaintiff from the obligations assumed toward his brothers and sisters.

*Eleventh.* The willingness at this time and at all times of the plaintiff to comply with his contract and tender of the balance due in open court.

*Twelfth.* The insolvency of the defendant.

*Thirteenth.* Prayer.

The only answer of defendant was a general denial.

The evidence on behalf of plaintiff appears to support the allegations of the petition, and for the most part is practically undisputed. It was also shown by the evidence that after making the parol contract for the land, defendant agreed in consideration of his brother having had a good deal of trouble about the matter, to knock off $100 of the purchase price, which was done.

After hearing the evidence, the circuit court dismissed plaintiff's petition, and he has appealed.

The answer being a general denial was sufficient, and under it when plaintiff attempted to prove his contract, and claim specific performance, it could have been shown that the contract being merely parol, the statute of frauds constituted a barrier to any such relief. Or the contract might be admitted and the statute then be formally pleaded; either way was sufficient. *Boyd v. Paul*, 125 Mo., 9, and cases cited.

And there is no doubt that the statute of frauds constitutes an insuperable barrier to any equitable relief looking to specific performance in this case. But though this be true as to *that* form of relief, yet plaintiff need not go out of court empty-handed, because

"it is an established principle of equity that where a conveyance is made prematurely before the payment of the price, the money is a charge on the estate in the hands of the vendee; and where the money is paid prematurely before conveyance, it is, in like manner, a charge on the estate in the hands of the vendor." "Adams' Eq. [8 Ed.] 127; *Mackreth v. Symmons*, 15 Ves. *loc. cit.* 345; *Burgess v. Wheate*, 1 W. Black. 150; s. c., 1 Eden, 211; 7 Cent. L. Jour. 184; *Pilcher v. Smith*, 2 Head. 208.

And what is true of the premature payment of the purchase price as a whole is also true of a premature part payment, in which event the premature part payment operates a lien *pro tanto*.    Fry, Specif. Perf. [3 Ed. Am. N.], secs. 1452, 1355, 1267, and cased cited.

Such a lien is regarded in equity as one of a class of imperfect mortgages (Adams Eq. 126) and may be enforced in a similar way to that in which such instruments are enforced.    Fry, Specif. Perf., secs. 1452, 1355.

It seems quite clear from the evidence that plaintiff is entitled to enforce his vendee's lien for the purchase price prematurely paid, to wit, $200, as well as for the promissory notes for $900, which in performance of his parol contract with defendant, plaintiff executed to his brothers and sisters.    And this view is not at all affected by reason of the fact that defendant as executor of his father's estate, paid off some notes at thirty-five cents on the dollar, which his father had indorsed for his brother the plaintiff, and this is so for two reasons:    *First*, there were no such payments pleaded; *second*, such payments, if made by defendant in his capacity as executor, could not be used in his individual capacity to defeat plaintiff's claim for purchase money prematurely paid.    Nor does it matter that it was part of the agreement that plaintiff was to

administer on his father's estate in place of his brother, since it does not appear which act was to be done first, the conveyance of the land or the payment of the purchase money, and when this is the case, one is not bound to pay, or to do any act intended to accompany the payment, until he receives his conveyance. Waterman, Specif. Perf., sec. 444.

If there is any lagging back in this case it seems to be on the part of the recalcitrant defendant.

For these reasons we reverse the decree and remand the cause. All concur.