THOMAS J. SCHULTZ, Respondent, v. WILLIAM HUNTER, Appellant.

St. Louis Court of Appeals. Argued and Submitted February 2, 1915. Opinion Filed March 2, 1915.

1. **CONTRACTS: Action on Written Contract: Pleading: Variance.** Where the petition counts on a written contract, a recovery may be had only upon proof of such contract.

2. **REAL ESTATE: Breach of Contract of Sale: Sufficiency of Evidence.** In an action for the breach of a contract for the sale of land, where the petition alleged that defendant agreed to sell the land of plaintiff for a certain sum and on certain terms, *held* that evidence of a receipt for a small amount, "as part payment or first payment," together with letters passing between defendant and the person who attempted to sell the land for him, were insufficient to establish the contract pleaded, since neither mentioned the alleged purchase price nor the alleged terms.

3. **STATUTE OF FRAUDS: Defenses: Pleading.** In an action for the breach of a contract for the sale of land, the Statute of Frauds (Sec. 2783, R. S. 1909), may be invoked as a defense under a general denial.

4. ———: **Waiver.** A contract will be enforced against one who confesses it and waives the Statute of Frauds, although the statute, if invoked, would have defeated a recovery.

5. ———: **Insufficient Contract for Sale of Land: Parol Evidence.** If a contract is within the Statute of Frauds and the agreement or memorandum is incomplete or deficient as to any essential part thereof, parol evidence cannot be received to supply the omission.

6. ———: ———: ———. A receipt for a sum as "part payment or first payment" on certain described land was insufficient, as a memorandum of sale of the land, under the Statute of Frauds (Sec. 2783, R. S. 1909).

7. ———: ———: **Aider by Extrinsic Matters.** A receipt evidencing payment of a part of the purchase price of real estate, which is insufficient, under the Statute of Frauds (Sec. 2783, R. S. 1909), to consitute an enforceable contract, may be aided by letters written by the seller, provided they contain such a reference to the receipt as to connect them with it.

8. ———: ———: **Principal and Agent: Authority of Agent.** In an action for the breach of a contract for the sale of land executed by defendant's agent, *held* that the evidence failed to show that the agent had written authority from defendant to execute the contract, and hence the contract was not enforceable, under the Statute of Frauds (Sec. 2783, R. S. 1909).

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED.

*Bradley & McKay* for appellant.

(1) The verdict is against the evidence, against the weight of the evidence and against the law under the evidence. There is no evidence in this cause establishing agency to sell real estate. The written authority of the agent to sell real estate must be as full as the memorandum of sale is required to be and must contain the essential terms of contract, to take it out of the Statute of Frauds. Johnson v. Fecht, 94 Mo. App. 621; Johnson v. Fecht, 185 Mo. 343; Cockrell v. McIntyre, 161 Mo. 59; Greening v. Steele, 122 Mo. 287. (2) The court erred in admitting incompetent, irrelevant and immaterial evidence offered by the plaintiff in this cause, to-wit: The court permitted proof of oral declarations made by William J. Hunter to Thos J. Schultz, before there was any proof that William J. Hunter was the agent and had authority to sell the lands for William Hunter.

Mechem on Agency, pages 100 and 108; Peck v. Ritchey, 66 Mo. 114; Anderson v. Volmer, 83 Mo. 403; Salmon Falls Bank v. Leyser, 116 Mo. 51; Stove Company v. Hardware & Furniture Company, 93 Mo. App. 237; Carson v. Cummins, 69 Mo. 325. (3) The court erred in overruling the demurrer to the evidence offered at the close of all the evidence in this cause. The only evidence offered in this cause to establish agency and authorize the sale of lands, was that of William J. Hunter, and he was offered as a witness on behalf of respondent and respondent is bound by his evidence. He states in his evidence he had no instructions to sell the lands; that he had no authority to sell the lands. He further testified that the only writing he received from William Hunter, appellant herein, was a letter quoting prices on all of his lands in the south end of Dunklin county. This being true, which respondent cannot deny, the sale, or attempted sale, as alleged in plaintiff's petition, clearly falls within the Statute of Frauds and appellant is not bound thereby. Johnson v. Fecht, 94 Mo. App. 621; Johnson v. Fecht, 185 Mo. 343; Cockrell v. McIntyre, 161 Mo. 59. (4) The court erred in giving instructions numbers 1, 2 and 3, at the instance of the plaintiff. (a) Instruction number 1 submits a question of law and fact, in that it authorized the jury to determine herein from the evidence introduced that there was a contract in writing from William Hunter to William J. Hunter authorizing William J. Hunter to sell the lands mentioned in respondent's petition, which question of agency was for the court to determine, and not for the jury, and it was therefore error to submit it to the jury under the evidence as discolsed by the record. Mechem on Agency, pages 100 to 108; Hickey v. Ryan, 15 Mo. 63; Clem v. Railroad, 119 Mo. App. 245; Albert v. Besel, 88 Mo. 150. (b) Instruction number 1 submits the question of agency to the jury when there was no evidence upon which

to base the same. There is no evidence in this record that W. J. Hunter had written authority from William Hunter to sell the land mentioned in plaintiff's petition, but on the contrary, all of the evidence shows that he did not have authority to sell said land, and it was therefore an error to submit the question of agency to the jury. Mechem on Agency, pages 100 to 108; Bagley v. Harmon, 91 Mo. App. 22; Land & Lumber Co. v. Moss Tie Company, 87 Mo. App. 167; Johnson v. Fecht, 94 Mo. App. 621; Johnson v. Fecht, 185 Mo. 343. (c) Instruction number 2 given for plaintiff was an error because there was no evidence upon which to base the same and because it was too broad in its terms; it allowed the jury to prey upon their imagination in determining the contents of a letter purported to have been written by William Hunter to William J. Hunter authorizing him, William J. Hunter, to sell the land mentioned in the petition, when the evidence clearly shows no such letter was ever written and especially no such writing as will take the attempted sale out of the Statute of Frauds. Hickey v. Ryan, 15 Mo. 63; Clem v. Railroad, 119 Mo. App. 245; Bagley v. Harmon, 91 Mo. App. 22; Land & Lumber Co. v. Moss Tie Company, 87 Mo. App. 167; Johnson v. Fecht, 94 Mo. App. 621; Johnson v. Fecht, 185 Mo. 343. (5) The court erred in refusing to strike out all of the evidence, consisting of oral declarations and statements, made by William J. Hunter for the reason that there was no proof that William J. Hunter was the agent or had authority to sell the lands of William Hunter. Agency cannot be proved by the mere acts or declarations of one assuming to act in that capacity, and until agency is proven otherwise, the declarations of one assuming to be an agent are not admissible to prove it, and the court ought to have struck from the record said declarations, and it was error to refuse to do so. Carson v. Cummins, 69 Mo. 325; Craighead v. Wells, 21

Mo. 404; Anderson v. Volmer, 83 Mo. 403; Mitchell v. Dunlap, 98 Mo. 418; Salmon Falls Bank v. Leyser, 116 Mo. 51; Stove Company v. Hardware & Furniture Company, 93 Mo. App. 237; Peck v. Richey, 66 Mo. 114. (6) The court erred in overruling appellant's motion to dismiss. Section 1814 of the Revised Statutes 1909, requires to be filed with a petition, based upon an instrument in writing, the instrument upon which it is based, or a verified copy thereof, or an allegation that the same has been lost or destroyed and cannot be filed. The record in this cause discloses that respondent did not comply with the statute in this regard; that within proper time appellant filed his motion to dismiss, and the court overruled the same, which was an error. Rothwell v. Morgan, 37 Mo. 107; Graham v. Morstadt, 40 Mo. App. 333; Christie v. Railroad, 94 Mo. 453. (7) The court erred in permitting respondent to testify to the contents of a purported receipt, without first having shown that such receipt was in existence and had been destroyed or lost, and could not be produced in evidence. It was error to permit respondent to testify to the contents of a purported receipt without first having shown that such receipt had been executed, or was in existence, and that it was lost or destroyed and could not be produced in evidence. Shea v. Seelig, 89 Mo. App. 146; Wells v. Pressy, 105 Mo. 161; Attwell v. Lynch, 39 Mo. 519; Bartin v. Murrain, 27 Mo. 235.

*Shepard, Reeves & McKay* for respondent.

(1) Parol evidence is admissible to show that written authority had been given to an agent to sell land. Davis v. Kroyden, 60 Mo. App. 441; Brinkham v. Luhris, 60 Mo. App. 512; Anderson v. Volmer, 83 Mo. 403. (2) Letters and telegrams are sufficient memorandum to take the case out of the Statute of

Frauds. Young Men's Christian Association v. Dubach, 83 Mo. 475. (3) The letters passing between the father and son as was shown by the evidence in this case was sufficient authority for the son to make a contract for the sale of the land. Parks v. People's Bank, 31 Mo. App. 12; Black and Sanders v. Crowther Andriano, 74 Mo. App. 408; Smith v. Wilson, 160 Mo. 657; Leesley Bros. v. A. Revori Fruit Co., 162 Mo. App. 195.

REYNOLDS, P. J.—In the petition upon which this case was tried, it is averred "that on the — day of ——, 1911, by his agreement in writing made and entered into with plaintiff, the defendant for and in consideration of the price and sum of $6000, agreed to sell plaintiff the south half of the north half of section 13, in township 16 north of range 7 east, in Dunklin county, Missouri, and plaintiff then and there at the time as a consideration expressed in said written agreement paid defendant the sum of $25 in hand, and agreed to pay the remainder of said purchase price for said lands under the terms of said agreement upon defendants (sic) making, executing and delivering to plaintiff his general warranty deed for said lands." Charging that defendant had breached the agreement and had refused to execute to plaintiff a deed for the lands and refused to sell the lands to plaintiff "as by the terms of said agreement he had agreed to do," and averring that plaintiff stood ready, willing and able to purchase the lands and had demanded a deed for them, and that the reasonable market value of the lands at the time of the agreement was $8000, and that by reason of defendant's failure and refusal to convey the lands to plaintiff "as by the terms of his agreement he was obligated to do," plaintiff has been damaged in the sum of $2000, judgment is demanded for that sum.

The answer was a general denial.

On the trial before the court and a jury there was a verdict for plaintiff in the sum of $800. Judgment following, defendant has duly appealed to this court.

On the trial of the cause it appeared that the negotiation for the purchase of the land was had between William J. Hunter, a son of defendant, who, it is claimed, was the agent of his father for the sale of this land. That acting for his father, he had negotiated the sale to plaintiff for $6000, $300 to be paid in cash, the balance to run for ten years, to be secured by a deed of trust on the land and bearing eight per cent interest, to be compounded annually. That thereupon plaintiff paid to the son $25 and took from him a receipt which was not produced at this trial, it apparently having been lost at or after the former trial of the case. This receipt, as testified to by plaintiff, was substantially as follows:

"April 15, 1911.

Received of J. T. Schultz $25 as part payment or first payment on the south half of the north half of section 13, township 16, range 7.

(Signed)  WILLIAM HUNTER,

By W. J. HUNTER, Agent."

Plaintiff testified that as near as he could remember, this was the contents of the receipt which had been given to him on the occasion by W. J. Hunter. Other than this there is no testimony whatever in the case of the contents of this receipt.

The point is made by counsel for appellant that plaintiff has entirely failed to prove the contract alleged in his petition. We are compelled to hold that this point is well taken. Neither this receipt nor the letters, which were not produced, passing between the father and the son, and which are relied on, not so much to prove what the contract was, as to prove the

agency of the son, sustain the allegations of this petition.

When a party states his cause of action as founded upon a written contract, he must be held to the proof of that cause of action. Clearly this receipt did not prove the contract as that contract is testified to by plaintiff himself. It contains no specification whatever of the terms of the contract. Nor did the letters, so far as their contents were in evidence, supply this omission.

Defendant also invokes the Statute of Frauds. It is true that the Statute of Frauds (section 2783, Revised Statutes 1909), was not pleaded as a defense, but that answer was a general denial. It is held by our Supreme Court in Devore v. Devore, 138 Mo. 181, l. c. 185, 39 S. W. 68, that where the answer is a general denial, when plaintiff attempts to prove his contract, and claims specific performance and it appears that the contract was in parol, the Statute of Frauds could be invoked and would constitute a barrier to any such relief. If defendant had confessed the agreement, he was at liberty to waive the statute, in which case, if the agreement is established, its performance will be enforced against him. [Aultman v. Booth, 95 Mo. 383, l. c. 389, 8 S. W. 742.] The cases as to what is required to be in a memorandum of a transaction falling within the Statute of Frauds, are so exhaustively considered and the authorities bearing on it so fully reviewed by Judge NORTONI, speaking for our court, in Darnell v. Lafferty, 113 Mo. App. 282, 88 S. W. 784, that it is hardly necessary to repeat them.

In Kelly v. Thuey, 143 Mo. 422, l. c. 290, 45 S. W. 300, it is said: "The memorandum being required to be complete in and of itself, parol evidence cannot be admitted to piece out the incomplete writing and make it a complete instrument." [See also Ringer v. Holtzclaw, 112 Mo. 519, 20 S. W. 800, and Boyd v. Paul,

125 Mo. 9, 28 S. W. 171.] Both of these cases are referred to by Judge SHERWOOD in Kelly v. Thuey, supra, as stating the correct rule.

In Carrick v. Mincke, 60 Mo. App. 140, l. c. 142, it is said: "If the contract is one within the Statutes of Frauds, and the agreement or memorandum is incomplete or deficient as to any essential part thereof, parol evidence cannot be received to supply the omission, for this would nullify the terms of the statute."

In Biest v. Versteeg Shoe Co., 97 Mo. App. 137, l. c. 155, 70 S. W. 1081, it is said: "The law is that all the essential terms of the agreement must be in writing so that parol evidence need not be resorted to to establish any of them. [Citing cases.] And when it is apparent a term agreed on was omitted from the memorandum, it cannot be supplied by oral testimony."

Here, according to the testimony of plaintiff himself, this memorandum did not state all of the terms of the contract; in point of fact, it stated none of them. It was a mere receipt for $25, recited to be part payment or first payment on certain described land, without any statement whatever as to the total consideration which was to be paid for it or as to the terms of sale, whether all cash or on time, while plaintiff himself distinctly stated that the terms of the contract which he and W. J. Hunter, acting for his father, had agreed upon, were a sale for $6000, $300 cash, the balance in ten years, deferred payments to bear eight per cent interest compounded annually.

Nor is this receipt helped out by what is in evidence as to the contents of the letters, as it may be (Young Men's Christian Association of Kansas City v. Dubach, 82 Mo. 475), even if it be conceded that these letters contain such a reference to the receipt as to connect them with it, which they must do. [Boeckeler v. McGowan, 12 Mo. App. 507, and cases there cited.] Plaintiff has totally failed to make out his case. The receipt is also attacked as not containing

any sufficient description of the location of the land, it not appearing that it is in Dunklin county, or even in Missouri. In the view we take of the case it is unnecessary to pass on that. Over and above the fatal defect in the receipt, as before pointed out, is the fact that the evidence totally fails to show written authority in the son to act as agent for his father in making the sale. The most that appears as covering agency, is that the son had authority to quote prices.

The judgment of the circuit court must be and it is reversed. *Nortoni* and *Allen, JJ.,* concur.

