JOHN M. HOLLAND, APPELLANT, v. VERNA TREADWAY, RESPONDENT. —45 S. W. (2d) 903.

Springfield Court of Appeals. February 4, 1932.

*Tom N. Douglass* and *J. Wm. Cook* for appellant.

No brief for respondent.

COX, P. J.—The appeal in this case was granted to the Supreme Court and by that court transferred to this court.

The suit is for the purpose of having declared and enforced a lien against certain land in Stone county. The suit was filed in Stone County and the case went on change of venue to Lawrence county where trial was had before the judge as chancellor in equity and at the close of plaintiff's testimony, a demurrer thereto was sustained and judgment rendered against plaintiff.

The petition alleges that plaintiff entered into an agreement with defendant for the purchase of certain described lands in Stone county by which plaintiff agreed to pay defendant for said land the sum of $1500; that plaintiff paid to the order of defendant the sum of $500 and tendered the balance but defendant refused to accept the tender and refused to convey the land to plaintiff. The plaintiff asked that the amount paid by him to defendant be declared a lien on the land which he had agreed to purchase from defendant and which defendant had refused to convey to him.

The answer was a general denial and a plea of the Statute of Frauds.

The evidence shows that whatever contract or agreement the parties had between them was oral and had this suit been brought for specific performance the plaintiff could not have succeeded because his contract was not in writing, but if plaintiff could have proven that he had an oral contract with defendant for the purchase of land from him and had paid part of the purchase money to him and then defendant refused to convey the land and also refused to refund the money to plaintiff, the plaintiff could have maintained an action to enforce repayment of the money by having the same declared a lien on the land. [Devore v. Devore, 138 Mo. 181, 39 S. W. 68; Berry v. Cobb et al., 20 S. W. (2d) 296.]

The plaintiff, however, failed to show that he had paid defendant anything. The evidence of plaintiff as to the contract to purchase the land from defendant and part payment therefor was in substance as follows:

Defendant's father, Eli Treadway, owed plaintiff a note of $100. He also owed certain sums in notes to other parties. The total of these notes amounted to $400. Plaintiff went to see Eli Treadway to secure a payment on his note to plaintiff. Said Eli Treadway mentioned to plaintiff the fact that he owed notes to other parties and said he could not pay at that time unless he sold the land described in this suit. It was finally agreed between plaintiff and Eli Treadway that plaintiff would buy the land for $1500 and would purchase the other notes due against Eli Treadway and put them

and his own note in as part payment on the land and plaintiff would pay the balance in cash. Eli Treadway then informed plaintiff that the title to the land was in his son, Verna Treadway, the defendant in this case. Plaintiff's evidence further tended to show that defendant was informed of the agreement between plaintiff and Eli Treadway and the defendant then agreed to it. Plaintiff then purchased the notes he had agreed to purchase but defendant would not convey the land to him and plaintiff was left with these notes on his hands. Plaintiff stated that he had placed the notes with the bank for defendant as had been agreed upon but defendant did not take up the notes.

From the facts it appears that defendant agreed to the arrangement between his father and plaintiff but refused to accept the notes of his father which plaintiff had purchased and hence he received nothing as payment on the purchase price of the land. That being true, plaintiff has not brought himself within the rule in the cases above cited. It is argued that defendant stood by and heard his father agree with plaintiff that plaintiff should purchase the other notes which his father owed and then put these and plaintiff's note against his father in on the purchase price of the land and said nothing, hence he is estopped to say that he did not agree to it. We are proceeding on the theory that, in law, defendant did agree to the arrangement between his father and plaintiff but that did not prevent him from refusing to accept the notes. Defendant is in no worse position than he would have been had he made the oral contract with plaintiff himself. He would not be bound by his oral contract in a sense to enable plaintiff to fasten a lien on the land he had orally agreed to sell plaintiff until he had actually received something from plaintiff as payment on the purchase price of the land. It may be said that plaintiff would not have bought the other notes if he had known that defendant would not accept them as part payment on the purchase price of the land. Grant all that and yet there is no showing that Eli Treadway is insolvent and unable to pay these notes and if he will pay them plaintiff will lose nothing but aside from all that we understand the rule to be that to maintain an action of this kind, there must be a showing that the owner of the land accepted payment of at least a part of the purchase price of the land and then refused to either convey the land or refund the money he had received. Whether this rule could or should be extended to cover a case like this under any circumstances, we are not called upon to decide but it certainly cannot be so extended in this case because the petition alleged actual payment and payment was not proven neither was there proof that the maker of

the notes purchased by plaintiff was insolvent and if he were not, then plaintiff was not injured by his purchase of the notes.

In our opinion, plaintiff failed in his proof and the court rightly sustained a demurrer to his evidence.

The judgment will be affirmed. *Bailey* and *Smith, JJ.,* concur.