**Denis J. STANOVSKY and Nancy J. Stanovsky, Plaintiffs-Appellants,**

v.

**GROUP ENTERPRISE & CONSTRUCTION COMPANY, INC., a corporation, et al., Defendants-Respondents.**

No. 50196.

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Byron E. Francis, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for plaintiffs-appellants.

Irving L. Cooper, Steven C. Mandlman, Cupples, Edwards, Cooper & Singer, Clayton, for defendants-respondents.

SMITH, Judge.

Plaintiffs appeal from a judgment in a court-tried case denying them an equitable lien against certain real estate. To the extent pertinent to this appeal, plaintiffs sought a money judgment against defendant Group Enterprise for $12,300 earnest money paid by them on a sale contract for the purchase of a lot and residence to be built by Group Enterprise. They also sought to impose on the real estate an equitable vendee's lien for the earnest money. They received a money judgment against Group Enterprise for the earnest money and interest but were denied a lien on the property. No appeal was taken from the money judgment. We reverse.

The contract was executed August 21, 1980, and plaintiffs had paid to Group Enterprise the $12,300 earnest money by August 29, 1980. On September 3, 1980, Group Enterprise applied to Hampton Metro Bank for a "presold" construction loan of $84,000. Attached to the loan application was the sale contract executed by plaintiffs and Group Enterprise and a permanent loan commitment obtained by plaintiffs. The loan was approved and construction of the house commenced. The Bank's deed of trust was recorded on November 21, 1980. Closing was extended on several occasions because Group Enterprise had not completed construction. The final closing was aborted by the initiation of foreclosure proceedings by the Bank. Plaintiffs filed their initial petition against Group Enterprise and the Bank on August 21, 1981. Foreclosure sale occurred two days thereafter and the trustee's deed was recorded two days after that with Bank as the purchaser. On December 3, 1981, Bank executed a quit-claim deed to Group Enterprise which on the same day executed

a warranty deed to Allan and Donna Elle-brecht. The Ellebrechts were added to plaintiffs' lawsuit by a second amended petition filed September 29, 1982. The evidence necessary for a determination of plaintiffs' claim by the trial court and by this court was documentary and stipulated to.

■ Plaintiffs contend that as a matter of law they were entitled to a vendee's equitable lien against the real estate. *Devore v. Devore*, 138 Mo. 181, 39 S.W. 68 (1897) recognized the existence of a vendee's equitable lien as follows:

> "... 'it is an established principle in equity that where a conveyance is made prematurely before the payment of the price, the money is a charge on the estate in the hands of the vendee; and where the money is paid prematurely before conveyance it is, in like manner, a charge on the estate in the hands of the vendor' ... And what is true of the premature payment of the purchase price as a whole is also true of a premature part payment, in which event the premature part payment operates as a lien pro tanto." 39 S.W. 69.

*See also, Sanders v. Sheets*, 287 S.W. 1069 (Mo.App.1926). The evidence here establishes undisputed facts calling into play the doctrine set forth in *Devore, supra.*

The Bank and the Ellebrechts advance three theories to support the trial court denial of the lien. First, they contend that plaintiffs have, and elected to pursue, an adequate remedy at law by a money judgment for the earnest money paid. That contention confuses a cause of action for debt with the remedy available to collect the judgment for that debt. The proper action for establishing the debt is through a law suit for money had and received. *Meyer v. Dubinsky Realty Co.*, 133 S.W.2d 1106 (Mo.App.1939) [3]. Imposition of a lien to afford a means of collecting that debt arises from statute, or in this case from the equitable powers of the court to prevent injustice. *Wilkinson v. Tarwater*, 393 S.W.2d 538, 539 (Mo.1965) [1, 2]. As with statutory liens, if the debt is created under circumstances establishing that it constitutes a lien on property that remedy is available to plaintiffs and should be included as part of the judgment.

■ Secondly, Bank and Ellebrechts contend that the sale contract contained no statements of intention that a lien should exist for the earnest money and that such was not in the contemplation of the plaintiffs. In reliance they cite cases involving loans made by plaintiffs from which defendants purchased real estate. *Wilkinson v. Tarwater, supra; Craft v. Politte*, 454 S.W.2d 534 (Mo.1970); *Pine Lawn Bank and Trust Company v. Urbahns*, 417 S.W.2d 113 (Mo.App.1967). Those cases involve loans by third parties to the sale contract and are analogous to mortgagor-mortgagee relationships. They are not analagous to this situation which involves payment by the vendee to the vendor for the property. As stated in *Pine Lawn Bank and Trust Company v. Urbahns, supra:*

> " 'An equitable lien arises *either* from a written contract which shows an intention to charge some particular property with a debt or obligation, *or* is declared by a court of equity out of general considerations of right and justice....' " [6] (Emphasis supplied).

The cases relied upon by the defendants arose under the first disjunctive; this case arises under the second. *Devore, supra.* It is further clear that the vendor's lien exists independent of any express agreement at the time of the conveyance or intention on the part of the grantor at such time to claim it. *Hunter v. Hunter*, 327 Mo. 817, 39 S.W.2d 359 (1931) [3–6]. The vendee's lien is a mirror image of the vendor's lien and the same rule applies. *Devore, supra.*

■ Finally defendants contend the lien was properly refused because they were innocent purchasers for value. This status would defeat the lien. *Hunter v. Hunter, supra*, [9–12]. Clearly the Bank does not fit the category of an innocent purchaser. At the time it made the loan to Group Enterprise it had, as part of the loan application, documents which revealed

plaintiffs' sale contract, the payment of earnest money and therefore plaintiffs' inchoate lien interest. The record is silent on the status of the Ellebrechts. It is clear that they purchased the property after the commencement of this action.[1] The burden of proving status as an innocent purchaser is upon the party claiming that status. *Young v. Schofield*, 132 Mo. 650, 34 S.W. 497 (1896); *Ballenger v. Windes*, 99 S.W.2d 158 (Mo.App.1936) [2, 3]. The Ellebrechts have failed to carry that burden. The trial court erred in failing to impress an equitable vendee's lien in favor of plaintiffs on the property.

Judgment against Group Enterprise and Construction Company and in favor of plaintiffs affirmed. Judgment against plaintiffs on their request for an equitable vendee's lien reversed and cause remanded with directions to the trial court to impress said lien.

CARL R. GAERTNER, P.J. and SNYDER, J., concur.

---

1. Sec. 527.260 RSMo 1978 requires that in any civil action based upon any equitable right, claim or lien affecting real estate a notice of lis pendens be filed and such filing serves as constructive notice to purchasers. In the absence of proof to the contrary it is reasonable to assume that plaintiffs followed that statutory requirement. No notice of lis pendens was introduced in evidence, possibly because the parties did not at trial appear to be litigating the question of innocent purchase. By supplement to the legal file, plaintiffs have filed here a notice of lis pendens filed on the same day as their original petition. We need not consider that document.